Margaret Palsir, Plaintiff, v. Willard McCorkle
and Sharon D. Leonard, Defendants.
Willard H. McCorkle, Plaintiff-Appellant, v. Sharon
D. Leonard, Defendant-Appellee.

Gen. No. 65–131.

Second District.

May 13, 1966.

Rathje, Woodward & Dyer Associates, of Wheaton, for appellant.

Popejoy, Bowman, Unverzagt & Nelson, of Wheaton, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of DuPage County entered on a jury verdict finding against Plaintiff-Appellant, Willard McCorkle (hereinafter called plaintiff) on his complaint, and against Defendant-Appellee, Sharon D. Leonard (hereinafter called defendant) on her counterclaim.

The controversy arose from an automobile accident that occurred on May 1, 1962, at the intersection of 55th Street and Garfield Avenue in the Village of Hinsdale. The defendant was then an 18-year-old student at Hinsdale High School. She was driving a 1956 Thunderbird automobile in a westerly direction on 55th Street at approximately 6:00 p. m. Three other girls, all classmates of the defendant, were passengers in the car and sat with her on the front seat. The plaintiff was traveling alone in an easterly direction on 55th Street on his way home from his place of employment. Traffic lights were in operation at the intersection at the time of the

accident. The plaintiff turned left to proceed north on Garfield Street when he was struck with great force by the Thunderbird at the center of the right side of his vehicle.

The lengthy record contains a great deal of conflict as to the speed of the respective automobiles, the condition of traffic, the use of turn directors, and other factors concerned with the ultimate liability for the accident. The nature of this appeal, however, precludes the necessity of examining these factors in great detail.

The amended complaint of the plaintiff alleged in Count I that the defendant was guilty of negligence, and, in Count II, that she was guilty of wilful and wanton conduct. Defendant's answer denied those allegations and alleged, by way of counterclaim, that the accident was caused by the negligence of the plaintiff. After the closing of the proofs the plaintiff tendered a verdict form as follows:

> "In the suit brought by Willard H. McCorkle against Sharon D. Leonard, and a Counterclaim brought by Sharon D. Leonard against Willard McCorkle, the parties are:

> | | |
> |---|---|
> | Plaintiff: | Willard H. McCorkle |
> | Defendant: | Sharon D. Leonard |
> | Counter-Claimant: | Sharon D. Leonard |
> | Counter-Defendant: | Willard H. McCorkle |

> This form is to be used if you find in favor of the Plaintiff, Willard H. McCorkle, on his Complaint and against the Counter-claimant, Sharon D. Leonard, on her counterclaim.

> We, the Jury, find in favor of the plaintiff, Willard H. McCorkle, and against Sharon D. Leonard on Count I and/or Count II of Willard McCorkle's Complaint.

We assess Willard H. McCorkle's damages in the sum of $———.

We further find against Sharon D. Leonard and in favor of Willard McCorkle on Sharon D. Leonard's counterclaim.

_____
Foreman"

The trial court rejected that form as an incorrect statement of the law and used, instead, the following form tendered by the defendant, to-wit:

"We, the Jury, find in favor of Willard McCorkle and against Sharon D. Leonard on

_____
Count I or Count II, Insert one only

of Willard McCorkle's Complaint.

We assess Willard McCorkle's damages in the sum of $———.

We further find against Sharon D. Leonard and in favor of Willard McCorkle on Sharon D. Leonard's counterclaim.

_____
Foreman"

The verdict returned by the jury reads as follows:

"We, the Jury, find against WILLARD McCORKLE and for SHARON D. LEONARD on WILLARD McCORKLE'S complaint. We further find against SHARON D. LEONARD and for WILLARD McCORKLE on SHARON D. LEONARD'S counterclaim." (Signatures of jurors affixed on bottom thereof.)

Plaintiff urges that his form of verdict was a correct reflection of the law on the subject and that the form

428

used did not provide for all possible alternatives that the jury could decide and was, as a consequence, erroneous, confusing and improper. He also argues that the defendant was improperly using the general verdict form for a special finding of fact that should be ascertained by the submission of a special interrogatory.

■ To support his position that his tendered verdict form properly reflected the law, plaintiff cites certain cases as to the nature of wilful and wanton conduct. Kunz v. Larson, 15 Ill App2d 126, 145 NE2d 746; Gannon v. Kiel, 252 Ill App 550; Trennert v. Coe, 4 Ill App2d 166, 124 NE2d 79; Brown v. Illinois Terminal Co., 319 Ill 326, 150 NE 242. These cases hold,. very generally, that wilful and wanton conduct need not necessarily involve a deliberate or intentional act by the wrongdoer but may arise from a course of action which shows an utter indifference to or conscious disregard for the safety of others. Plaintiff uses these cases to support his conclusion that it would not be inconsistent for a jury, under certain circumstances, to find a person guilty of negligence *and* wilful and wanton conduct and that, therefore, only his form provided all possible alternatives for the jury to consider.

■ In the recent case of Eggimann v. Wise, 41 Ill App2d 471, 191 NE2d 425, this court considered a situation comparable to the present one. Complaints seeking recovery for personal injuries arising out of an automobile accident contained separate counts alleging negligence and wilful and wanton conduct respectively. The verdict forms submitted to the jury were completely confusing as to the necessity of finding on one, both, or either of the counts. The court, in reversing the trial court's judgment entered on the verdict of the jury, stated in part as follows, at pages 483 and 484:

"The deaths of Walgrave and Eggimann could not have been caused wilfully or wantonly,—and negli-

429

gently,—at the same time; negligence and wilfulness are unmixable; a verdict finding the defendant guilty of negligence is, in effect, a verdict finding the defendant not guilty of wilfulness and wantonness; negligence is not wilfulness or wantonness, and wilfulness or wantonness is not negligence." (Citations omitted.)

██ We are unable to say that the verdict form tendered by the plaintiff correctly stated the law in the light of this decision. Clearly, the jury could not properly have found for the plaintiff on Count I *and* Count II of his complaint and be in accord with the Eggimann case. The verdict form used was adequate and we do not feel that its use could confuse the jury, particularly when viewed in the light of the verdict returned. Furthermore, we do not feel that it was an attempt to seek a special finding of fact through a general verdict as contended by plaintiff. It is not necessary to compel a jury to indicate upon what theory it has chosen to base its general verdict.

██ Plaintiff also argues that the trial court committed reversible error in its refusal to strike certain testimony elicited through cross-examination of the plaintiff in regard to prior conditions of ill-being. On direct examination, the plaintiff testified that before the accident he was in "very good" health; that he was able to perform the physical work required of a normal homeowner and that he participated in certain sports. He stated that after the accident he "had pain in my entire right side," and that his right arm and leg continued to ache and cause him general discomfort. Counsel for the defendant, on cross-examination, asked the plaintiff about statements he had made to a Dr. Schoenberger in January of 1958, concerning discomfort to his hip, knees, and groin. No objection was made to the questions. Plaintiff responded that he did not remember

the statements and was "not sure" that he knew the particular physician. On redirect examination, however, plaintiff stated that Dr. Schoenberger was "probably" the doctor who treated him for a hernia operation in January of 1958, and that he "imagined" he gave him, with his general medical history, a statement regarding "intermittent mild aching in the knees" and of pain in his right flank. Plaintiff moved, several days after this testimony was presented, that it be stricken from the record and the jury be instructed to disregard it. His motion was denied.

Plaintiff contends that the prior conditions of ill health alluded to during the cross-examination were never properly connected to the injuries suffered as a result of the accident and that as a result they could nave no effect but to prejudice the plaintiff in the eyes of the jury as either a malingerer or a chronically ill person. In support of his contention, plaintiff relies heavily on the recent case of Marut v. Costello, 34 Ill2d 125, 214 NE2d 768, wherein the Supreme Court affirmed the judgment of the Appellate Court in Marut v. Costello, 53 Ill App 2d 340, 202 NE2d 853. In the Marut case the plaintiff suffered injuries to her lower back in the accident which was the subject of the lawsuit. On cross-examination, plaintiff was questioned closely in regard to an injury to her upper back which had occurred two years earlier. Objections were promptly made but counsel for the defense repeatedly promised to connect the injuries by competent evidence. This was never done and the reviewing courts reversed on the grounds that the testimony should have been stricken. The distinction between the cases is obvious. Plaintiff here complained of injuries to his entire right side. The cross-examination elicited testimony regarding earlier trouble with his right flank, groin and both knees. The prior condition of those parts of his body injured in this accident were proper

subjects for consideration by the jury in their deliberations.

■ The other cases cited by plaintiff in this regard refer to situations where the integrity of a witness is subject to question in the eyes of the jury by innuendo employed during cross-examination. Miller v. Chicago Transit Authority, 3 Ill App2d 223, 121 NE2d 348; Gordon v. Checker Taxi Co., 334 Ill App 313, 79 NE2d 632. In those cases, the witnesses explicitly denied the prior ill health or earlier accidents and there was no other evidence to establish their existence. The purpose of striking such testimony is to prevent the possibility that the jury will consider a fact not in evidence—prior ill health or injury—or that they will consider that the witness has a predisposition to personal injury. Here, the evidence of the fact of prior complaints was furnished by the plaintiff himself and was properly before the jury. Hoffman v. Wilson, 60 Ill App2d 396, 403, 404, 208 NE2d 607.

Lastly, plaintiff urges that repeated cross-examination of the plaintiff over long periods of time inevitably confused him and created a poor impression on the jury.

■ ■ It is well known that the scope and extent of cross-examination rests within the sound discretion of the trial court. Chamness v. Dawson, 44 Ill App2d 176, 194 NE2d 538. This case was consolidated for trial with an action filed against both parties by a passenger in defendant's car. No objection to the consolidation was made by plaintiff. It was inevitable that as a consequence of the consolidation and of the nature of this case that the trial would be a long and arduous one. We find nothing in the record that indicates that the cross-examination permitted by the trial court was improper or that, as a result, the plaintiff was denied a fair trial.

For the reasons stated, the judgment of the Circuit Court of DuPage County will be affirmed.

Judgment affirmed.

MORAN, P. J. and DAVIS, J., concur.