RICHARD LEAHY, Plaintiff-Appellee, *v.* ILLINOIS POWER COMPANY, Defendant-Appellant.

Fifth District    No. 79-604

Opinion filed November 17, 1981.

Burton C. Bernard and Ronald D. Lowery, both of Bernard & Davidson, of Granite City, for appellant.

Callis and Hartman, of Granite City (Lawrence T. Hartman, of counsel), for appellee.

JUSTICE JONES delivered the opinion of the court:

This is an appeal pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1979, ch. 110A, par. 306) from an order of the Circuit Court of Madison County granting plaintiff, Richard Leahy, a new trial in his action against defendant, Illinois Power Company, for personal injuries. Following a jury verdict in favor of defendant, the trial court granted plaintiff's motion for new trial on the ground that the court erred in denying plaintiff's motion for mistrial made as a result of defendant's interjecting the existence of another lawsuit for damages for injuries involving the plaintiff.

The following issues are raised on appeal: whether the cross-examination of plaintiff concerning a prior lawsuit involving the plaintiff was proper; and whether the trial court abused its discretion in granting plaintiff's motion for new trial.

Plaintiff is a member of Asbestos Workers Local No. 1 and had approximately 15 years of experience as an asbestos worker. At the time of the accident, plaintiff was employed by Sprinkman and Sons Corporation, an independent contractor specializing in insulation work, which had contracted with defendant to replace the insulation at its Alton-Wood River power plant. The accident occurred while plaintiff was working at defendant's power plant.

The area at which plaintiff worked at the power plant was referred to as the "penthouse," an enclosed area containing tubes and piping and was located on the seventh floor directly above the boiler. Because of the heat inside the penthouse, the workers would go outside on the roof to take breaks. Approximately 40 to 50 feet from the work area was a door leading to the roof. Outside the door was a metal landing with two steps with handrails on both sides leading down to the roof. The accident in question occurred on these steps.

The record reveals that for approximately one week prior to the accident the weather had been quite severe with snow and ice sufficient to cancel work for one day.

On February 7, 1975, plaintiff took a work break. He proceeded to the door leading to the roof. Plaintiff testified that upon opening the door

he observed some ice on the landing and proceeded slowly down the steps. He then slipped and fell, catching himself on the handrails by his arms, producing the injuries complained of to the rib cage. Plaintiff further testified that he did not know if there was ice on the steps and that it was the first time he had ever gone out on the roof.

Plaintiff testified that as a result of this accident he received injuries to the chest and ribs. There was also testimony that he had been injured in another work-related accident in which he injured only his low back and that it was not a significant injury; however, plaintiff had given prior inconsistent statements indicating that the same parts of the back and chest were injured in both accidents. Plaintiff had filed a lawsuit as a result of the injuries sustained in the previous accident, and during a deposition in this prior lawsuit, he stated that his chest, back and arms had been sore after the accident.

On cross-examination, defense counsel attempted to impeach plaintiff by use of the deposition from the prior lawsuit to contradict plaintiff's testimony as to the insignificance of the prior injury. At this point in the cross-examination of plaintiff by defense counsel, the following exchange took place:

"Q. Now, do you remember that your deposition was taken on May 3rd. By the way, you testified that you did have a prior injury involving your low back; is that correct?

A. Yes, sir.

Q. And that was over with in a few days, is that correct?

A. Well, I had what they call adjustment by chiropractor with the back; but I didn't lose any time, any work time.

Q. Wasn't a major injury, was it?

A. Well, no, I wouldn't say.

Q. But you filed a suit concerning it, did you not?

A. Yes.

PLAINTIFF'S COUNSEL: I am going to object. Every person has a right to sue when injured.

THE COURT: Objection sustained."

Following this exchange, plaintiff's counsel, in chambers, moved for a mistrial on the ground that the mentioning of the prior lawsuit was improper in that it was highly inflammatory and prejudicial. The trial court denied the motion, although it stated that the comment referring to another lawsuit was inappropriate.

Upon a verdict being returned for the defendant, plaintiff filed a motion for new trial based on the reference to the prior lawsuit. The trial court granted the motion solely on that basis. Thereafter, we granted defendant's petition for leave to appeal from the trial court's order granting plaintiff a new trial.

Before reaching the ultimate issue of whether the trial court abused its discretion in granting plaintiff a new trial, it is first necessary to examine the propriety of the cross-examination in question. As stated, the objected to cross-examination contains a reference to a prior injury and a prior lawsuit based on that injury.

■■ Generally, a plaintiff may be cross-examined as to his previous physical condition or injuries when they are of a nature similar to those involved in the immediate litigation. (*Saputo v. Fatla* (1975), 25 Ill. App. 3d 775, 324 N.E.2d 34; *Palsir v. McCorkle* (1966), 70 Ill. App. 2d 425, 216 N.E.2d 682.) Such cross-examination is proper to show causation or to lay the foundation for impeachment. Inasmuch as the fact of such prior injuries is both material and probative, it follows that impeachment thereon is proper as well. Plaintiff does not dispute that the evidence of prior injuries was relevant to the issues of causation and damages. He claims, however, that the reference to the prior lawsuit was improper and prejudicial, depriving plaintiff of a fair trial.

Defendant asserts that the cross-examination in question was not only proper cross-examination for the purpose of impeachment, but that the evidence adduced was independently relevant to the issues in the case. Both parties principally rely on the same two cases in support of their respective positions.

In *Gordon v. Checker Taxi Co.* (1948), 334 Ill. App. 313, 79 N.E.2d 632, plaintiff, in a personal injury action, claimed that conduct on the part of defense counsel during cross-examination created such a prejudicial effect upon the jury as to result in a wholly inadequate verdict. The objected to cross-examination involved a reference to a medical examination indicating a prior injury. After the reference to the prior injury, the following questions were put to plaintiff on cross-examination:

"Q. I will ask you if it isn't true that on or about the 24th day of April, 1935, you were examined by Doctor Serlin, or Doctor Van Dorf, and Van Dorf?

A. No, sir.

Q. In connection with the claim you had against the Motor Coach Company, then pending?

A. No, sir.

Q. Then pending in the Circuit Court of Cook County?

A. No, sir." (334 Ill. App. 313, 317, 79 N.E.2d 632, 634.)

In *Gordon*, the court stated that these questions propounded on cross-examination would be proper if asked in good faith for the purpose of impeachment in the event of denial. The problem in *Gordon* was that no impeaching evidence was offered and this, combined with other errors, required reversal and remandment.

The second case relied on by the parties is *Collister v. Kroblin, Inc.*

(1961), 30 Ill. App. 2d 288, 174 N.E.2d 911. In *Collister*, an action arising out of an automobile accident, the plaintiff contended that a new trial should be granted because of prejudicial conduct on the part of defendant's counsel. During cross-examination of plaintiff with reference to a prior accident 15 years earlier, defendant's counsel asked the following questions:

"Q. And that was after the fall you had over in Peoria wasn't it?
A. That is right.
Q. And you filed a lawsuit over in Peoria as a result of that fall didn't you?" (30 Ill. App. 2d 288, 293, 174 N.E.2d 911, 913.)

At this point the trial court sustained plaintiff's objection to the question and instructed the jury to disregard it. The court in *Collister*, in affirming the judgment for defendant, did not determine the propriety of this questioning. The court stated that inasmuch as objection was made and sustained and plaintiff was not required to answer, there was no denial upon which impeachment would be required. The court went on to state that "[t]he *Gordon* case condemns only the practice of asking questions which by innuendo could affect a plaintiff's claim and then failing to lay the impeaching facts before the jury." (30 Ill. App. 2d 288, 295, 174 N.E.2d 911, 914.) The court in *Collister* emphasized that the error would be in asking such questions on cross-examination with a subsequent failure to offer impeaching evidence in the event of a denial.

■■ The defendant asserts on appeal that the cross-examination in question was proper in that it was used in good faith for purposes of impeachment. We agree. The instant case is distinguishable from *Gordon*. In *Gordon*, there was no impeaching evidence offered after the reference to the prior lawsuit whereas in the instant case the evidence of the prior lawsuit was itself offered to impeach the testimony of the plaintiff as to the claimed insignificance of the prior injury. The extent and nature of the prior injury were put into issue by plaintiff's direct testimony and by the deposition from the prior lawsuit. In reviewing plaintiff's entire testimony, direct and cross-examination, we find no innuendo of impropriety created by the complained of question. Defense counsel offered the question in good faith for purposes of impeachment. We believe this to be proper cross-examination.

Defendant also asserts that the reference to the prior lawsuit on cross-examination was proper in that it was relevant to the issues of causation and damages. As stated, previous injuries of a similar nature would be relevant. (*Saputo v. Fatla* (1975), 25 Ill. App. 3d 775, 324 N.E.2d 34.) Although there may be merit to the independent relevancy of the prior lawsuit (see, *e.g., Sisti v. Barker* (1979), 70 Ill. App. 3d 734, 388 N.E.2d 1117), it is unnecessary to decide this issue because the cross-examination in question is proper for the reasons stated.

■■ ■ Defendant asserts that the trial court abused its discretion in granting plaintiff's motion for new trial. The trial court has broad discretion in granting a new trial. (*Kitsch v. Goode* (1977), 48 Ill. App. 3d 260, 362 N.E.2d 446.) But such action is nevertheless reviewable for abuse. (*Dobson v. Rosencranz* (1967), 81 Ill. App. 2d 439, 226 N.E.2d 296.) This court has recognized the great respect and consideration that is due a jury verdict. Thus, the standard to be applied is that a jury verdict should not be reversed by the trial court unless it is unreasonable, arbitrary and unsupported by the evidence. *Stringer v. McHugh* (1975), 31 Ill. App. 3d 720, 334 N.E.2d 311.

In the instant case the verdict was supported by the evidence. The sole reason for granting plaintiff's motion for new trial was the impropriety of the cross-examination in question and the resultant prejudice. We have found the cross-examination to be proper; furthermore, the evidence fully supports the jury's determination that the defendant was not negligent and that the accident was caused by plaintiff's contributory negligence. The trial court awarded a new trial solely on evidence that related to damages and plaintiff's credibility as it related to the cause and extent of his injuries. We find that the defendant has met the burden of establishing that the trial court abused its discretion in granting plaintiff's motion for new trial.

We reverse the decision of the Circuit Court of Madison County granting plaintiff a new trial and remand the cause with directions to enter judgment on the verdict of the jury.

Reversed and remanded with directions.

KASSERMAN, P. J., and KARNS, J., concur.