THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS G. MUDGE, Defendant-Appellee.

Fifth District   No. 5—85—0647

Opinion filed May 12, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones-Stewart, Solicitor General, and Mark L. Rotert and David E. Bindi, Assistant Attorneys General, of Chicago, of counsel), for the People.

Joseph Brown, Jr., of Lucco & Brown, of Edwardsville, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

This case is an appeal by the State of the trial court's order prohibiting the State from using in its case in chief a tape-recorded statement of the defendant's, given by the defendant to his lawyer at the lawyer's direction. This statement was requested to enable the lawyer to prepare a defense to the murder charge the defendant faced. A transcription of the tape was thereafter given by defendant's lawyer to a pathologist who agreed to review for defendant's lawyer the findings

of the State's pathologist. Defendant's pathologist subsequently gave a copy of the transcribed statements to another doctor, who was an expert for the State, for the purpose of expert discussion and evaluation. This doctor communicated the contents of defendant's statement to the State. The State then obtained a copy of defendant's statement from defendant's lawyer's expert with the permission of defendant's lawyer. At no time did defendant waive his attorney-client privilege as to his taped statement. The State nevertheless asserts that it should be able to use that statement against the defendant at trial in the State's case in chief. We agree with the trial court's order barring such use, and affirm.

In its argument, the State has invoked the provisions of Supreme Court Rule 413(c) (87 Ill. 2d R. 413(c)) concerning matters which are discoverable by the State in a criminal case. It notes that in responding to the discovery request made upon the defendant by the State, the defendant listed the State's expert as a potential defense witness. The State then argues that because the defendant's statement was submitted to and read by an expert witness whom the defense may call to testify, it is discoverable under Rule 413(c), and thus loses the protection of the attorney-client privilege and may be used as substantive evidence by the State. We disagree, and we find the argument concerning Supreme Court Rule 413 to be irrelevant to a resolution of the issue before this court.

We have set out above the series of events leading to the State's possession of the defendant's statement. The defendant asserts that the attorney-client privilege bars the use by the State in its case in chief of his taped statement. The essential elements relating to this privilege were related in *People v. Adam* (1972), 51 Ill. 2d 46, 48, 280 N.E.2d 205, 207, to be as follows:

"The attorney-client privilege exists in order that one who is, or seeks to become a client, may consult freely with counsel without fear of compelled disclosure of information communicated by him to the attorney whom he has employed, or seeks to employ. The essentials of its creation and continued existence have been defined as follows: '(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.' 8 Wigmore, Evidence, sec. 2292 (McNaughton Rev. 1961)."

The statement of the defendant in this case fits all of the above

criteria. We find the defendant's statement to be a classic example of precisely the interest the common law sought to protect when the privilege was first recognized.

Although the privilege may be waived, it may only be waived by the client. The State has conceded that the defendant himself did nothing to waive his privilege; it asserts, however, that the circumstances in this case are tantamount to a waiver by the defendant. We disagree and hold that the privilege still obtains. Consequently, although the State legitimately obtained defendant's statement, it is no more entitled to use this statement in its case in chief than if it had obtained the statement from someone who had burglarized the defendant's lawyer's office.

The defendant has asserted in this court that the trial court erred by ordering the defendant to produce for the State the original tape recording which the defendant made for his attorney. However, in this interlocutory appeal that issue is not before us, and we express no opinion as to the correctness of that ruling.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

KASSERMAN, P.J., and JONES, J., concur.