ENRIQUETA CHAVEZ, Plaintiff-Appellee, v. ALBERT WATTS, Defendant-Appellant.

First District (1st Division) No. 86—0396

Opinion filed September 14, 1987.—Modified on denial of rehearing October 26, 1987.

666

Francis B. Baumgart and Matthew J. Egan, both of Roderick J. Bergin, of Chicago, for appellant.

Fernando M. Bustamante, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Albert Watts, appeals from the trial court's denial of his post-trial motions for costs under section 5—109 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 5—109) and for attorney fees and expenses under section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—611). Plaintiff, Enriqueta Chavez, cross-appeals from the trial court's denial of her post-trial motion alleging numerous trial errors. We will discuss the issues on cross-appeal first.

Plaintiff contends that: (1) she was denied a fair trial by defend-

ant's allegedly prejudicial closing argument; and (2) that the trial court committed the following errors: (a) it allowed defendant to impeach plaintiff with evidence of a prior personal injury lawsuit in which she was the plaintiff without connecting the prior incident to her present injuries; (b) it allowed defendant to impeach plaintiff with a deposition she had given in the prior lawsuit, ruling that defendant had properly complied with discovery; (c) it allowed defendant to impeach plaintiff with collateral evidence; (3) it barred a statement defendant gave to his insurer on the ground that the attorney-client privilege applied; (e) it allowed defendant to amend his answer after the close of all of the evidence; (f) it denied plaintiff's motion for a directed verdict; and (g) it submitted a special interrogatory to the jury. For the reasons that follow, we affirm the verdict in favor of defendant.

On February 27, 1985, plaintiff, who was 79 years old, and her daughter stopped for a snack at McDonald's. Because her daughter had not finished eating, plaintiff left to go shopping. As she walked across the street at Western and Milwaukee Avenues in Chicago, defendant turned his car left into the crosswalk where plaintiff was walking. Defendant stopped his car and plaintiff fell down backwards. Plaintiff's daughter was called to the scene by a police officer. An ambulance took plaintiff to the hospital, where she remained for three days. There were no eyewitnesses to the accident.

On March 27, 1985, plaintiff filed a two-count complaint against defendant. Count I, alleging negligence, claimed that defendant's car collided with plaintiff in the crosswalk at Western and Milwaukee Avenues in Chicago while plaintiff was crossing from the northwest side of Western to the southwest side. Count II alleged willful and wanton misconduct.

Defendant's unverified answer denied all allegations of liability, but admitted that the front of his vehicle hit plaintiff.

At trial, plaintiff testified that defendant's car hit her as she crossed Western on the green light. She stated that she felt an impact on her left side, turned a half turn and fell on her back. She was not unconscious, but everything went dark, her eyes hurt, she was dizzy, she had a headache, she felt nauseated, her back and legs hurt, and she vomited in the emergency room.

Defendant testified that his car made no contact with plaintiff. He stated that he stopped his car and plaintiff fell. Defendant was confronted on cross-examination with his answer where he admitted he hit plaintiff.

Plaintiff also testified as to her medical expenses and to the fol-

lowing injuries caused by the accident: she had to use a cane for the first time in her life; she used to walk around her neighborhood and go shopping, but was now afraid to go out alone; she had severe headaches; her arthritis flared up after the accident, especially in her hip and lower back; and she claimed that the accident affected her physically and morally and that she felt ruined. Plaintiff's medical expert testified that plaintiff's permanent injuries were the result of the impact of defendant's car hitting plaintiff.

On cross-examination, defendant impeached plaintiff's above testimony with a deposition transcript given by plaintiff on July 29, 1985, in connection with an unrelated personal injury suit plaintiff had filed regarding injuries she received in an accident in 1982. In that case, plaintiff fell down 10 wooden stairs in a restaurant and subsequently sued the restaurant. In her deposition, plaintiff stated that she had to use a cane since the time that she fell down those stairs, that she saw a doctor because she feared going out after her fall, and that she had received no injuries from the accident with Mr. Watts, the defendant in the case at bar. During cross-examination in the present case, plaintiff said she did not remember stating those things in her deposition. Defendant called to the witness stand the court reporter who transcribed plaintiff's deposition on July 29, 1985. She confirmed what defendant alleged plaintiff had stated in her deposition but also testified that plaintiff had reserved signature on the deposition.

At the close of all of the evidence, the trial court denied plaintiff's motion for a directed verdict and granted defendant's motion to amend his answer to conform to the proof. The amended answer denied that defendant's car had hit plaintiff.

After instructing the jury, the court gave it a special interrogatory to which the plaintiff objected. The jury returned a verdict of not guilty, and specially found that the automobile of Albert Watts did not strike Enriqueta Chavez during the occurrence alleged in her complaint.

The trial court entered a judgment on the verdict and awarded defendant costs.

On November 26, 1985, defendant filed a post-trial motion to recover his costs under section 5—109 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 5—109), and to recover attorney fees and expenses totalling $7,589.48 under section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—611).

On January 14, 1986, the trial court denied defendant's motions as well as plaintiff's post-trial motion in which she requested that the court grant her a directed verdict, a judgment notwithstanding the

verdict or a new trial due to alleged trial errors.

■ Plaintiff first contends that defendant's closing argument was prejudicial and denied her a fair trial. We disagree.

It is well established that in closing argument counsel is allowed broad latitude to draw reasonable inferences and conclusions from the evidence and disparities which may be found therein. See, e.g., *Lebrecht v. Tuli* (1985), 130 Ill. App. 3d 457, 484, 473 N.E.2d 1322, *appeal denied* (1985), 106 Ill. 2d 555; *Oh Boy Grocers v. South East Food & Liquor, Inc.* (1979), 79 Ill. App. 3d 252, 261, 398 N.E.2d 269, *appeal denied* (1980), 79 Ill. 2d 632.

In the case at bar, plaintiff argues that defense counsel improperly attacked her for being present in the courtroom during the trial. However, immediately after plaintiff objected defense counsel told the jury that plaintiff absolutely had a right to be there, thus curing any impropriety. Plaintiff also claims that defense counsel attacked her attorney personally in his closing argument. However, at one point defense counsel told the jury that he was not referring to counsel, but to plaintiff when he said the case was fraudulent, thus clarifying that he was not attacking counsel's integrity.

■ Plaintiff further argues that defense counsel improperly commented on the fact that plaintiff failed to call as a witness a doctor who had treated plaintiff before trial. We disagree. While it is improper to so comment if the witness mentioned is not under the plaintiff's control or is equally available to both parties (*Lebrecht v. Tuli* (1985), 130 Ill. App. 3d 457, 484, 473 N.E.2d 1322, *appeal denied* (1985), 106 Ill. 2d 555; *Wetherell v. Matson* (1977), 52 Ill. App. 3d 314, 318, 367 N.E.2d 472), when counsel is merely comparing and contrasting the evidence, as defense counsel was doing in the instant case, such comment is proper. *Lebrecht v. Tuli* (1985), 130 Ill. App. 3d 457, 484, 473 N.E.2d 1322, *appeal denied* (1985), 106 Ill. 2d 555.

Furthermore, in the present case defense counsel's closing argument did not reach the level of impropriety found in the cases plaintiff cites. See *Ferrer v. Vecchione* (1968), 98 Ill. App. 2d 467, 474, 240 N.E.2d 439; *Vandaveer v. Norfolk & Western Ry. Co.* (1966), 78 Ill. App. 2d 186, 206-07, 222 N.E.2d 897; *Bulleri v. Chicago Transit Authority* (1963), 41 Ill. App. 2d 95, 104-05, 190 N.E.2d 476; *Vujovich v. Chicago Transit Authority* (1955), 6 Ill. App. 2d 115, 122, 126 N.E.2d 731.

■ After reviewing defendant's closing argument in the case at bar, we find that defendant's attorney properly drew inferences and conclusions from the evidence. The record affords a reasonable basis for defendant's charges of dishonesty, bad faith or insincerity on the

part of plaintiff, thus defense counsel's comments as such were permissible. (*Poltrock v. Chicago & Northwestern Transportation Co.* (1986), 151 Ill. App. 3d 250, 257, 502 N.E.2d 1200.) In any event, the trial court admonished the jury to disregard any personal attacks on counsel; that arguments, statements and remarks of counsel were not evidence; and that the jury should disregard any of counsel's remarks which were not in evidence. Therefore, by so admonishing the jury, the court cured the errors, if any. See *Long v. Yellow Cab Co.* (1985), 137 Ill. App. 3d 324, 329, 484 N.E.2d 830.

 Plaintiff next contends that the trial court should have barred defendant from trying to impeach her with her deposition testimony she gave in connection with a prior personal injury lawsuit she had filed because: her prior accident was not connected to her specific injuries in the present case; evidence of her previous accident and injury was collateral to that of her present accident and injury; and during discovery defendant failed to disclose that he would use her deposition testimony during trial. We disagree.

Statements made during depositions are admissible during trial in order to impeach the declarant with an inconsistent statement. (*Tower Oil & Technology Co. v. Buckley* (1981), 99 Ill. App. 3d 637, 648, 425 N.E.2d 1060, *appeal denied* (1981), 85 Ill. 2d 582; see also 107 Ill. 2d R. 212(a)(1).) In order for a prior statement to be sufficiently inconsistent to be used for impeachment purposes, it must contravene the witness' direct testimony on a material matter. (*Ogg v. City of Springfield* (1984), 121 Ill. App. 3d 25, 39, 458 N.E.2d 1331, *appeal denied sub nom. Ogg v. Coast Catamaran Corp.* (1984), 99 Ill. 2d 530.) Where a defendant claims he did not cause the plaintiff's injury, then evidence of another cause may arise in impeachment. But, before impeachment with the collateral event is considered relevant, the defendant must establish a connection between the prior incident and the injury at issue. (*Simpson v. Johnson* (1977), 45 Ill. App. 3d 789, 795, 360 N.E.2d 144, *appeal denied* (1977), 66 Ill. 2d 628.) Such a connection is established when the defendant can prove that the prior incident actually occurred (*Simpson v. Johnson* (1977), 45 Ill. App. 3d 789, 795-96, 360 N.E.2d 144, *appeal denied* (1977), 66 Ill. 2d 628) and when the plaintiff's previous condition or injury is of a nature similar to that at issue. (*Leahy v. Illinois Power Co.* (1981), 103 Ill. App. 3d 487, 490, 431 N.E.2d 390; *Simpson v. Johnson* (1977), 45 Ill. App. 3d 789, 795, 360 N.E.2d 144, *appeal denied* (1977), 66 Ill. 2d 628.) Once a connection is shown, the fact of the prior injury is material and probative and impeachment thereon is proper. *Leahy v. Illinois Power Co.* (1981), 103 Ill. App. 3d 487, 490, 431 N.E.2d 390.

■■ In the case at bar, a connection was established between plaintiff's first accident and her present injuries by the following. First, there was no dispute that the collateral incident occurred. Plaintiff admitted that she had filed a lawsuit in connection with the accident. Second, at trial plaintiff alleged that all of her present injuries were caused by defendant, whereas in her deposition testimony she claimed that defendant caused her no injuries and that they were caused by her fall in the restaurant. Plaintiff testified in the instant case that she had to use a cane for the first time in her life, she hurt her back, and she was afraid to go out alone. In her deposition testimony she stated that those problems arose after her first accident. Thus, the nature of the injuries plaintiff alleged she received in the instant case were similar to those she allegedly received from her prior accident. In addition, her expert testified in this case that her injuries were the result of the accident with defendant. Because plaintiff attributed her present ailments to the injuries she received in this case, defendant had the right to cross-examine her concerning collateral matters which occurred before her accident with defendant which might have caused or contributed to her injuries. Consequently, defendant properly impeached plaintiff's direct testimony on material matters: causation and damages. See *Hoffman v. Wilson* (1965), 60 Ill. App. 2d 396, 403-04, 208 N.E.2d 607, *appeal denied* (1965), 32 Ill. 2d 627.

Finally, plaintiff claims that an interpreter was used during her deposition and because Spanish can be interpreted differently, we do not really know whether plaintiff actually said what the interpreter had interpreted. It is apparent from the record that plaintiff's testimony, either during her deposition or at trial in this case, was a prevarication. At her deposition, plaintiff clearly blamed all of her injuries on her fall in the restaurant. At trial in the present case, she blamed her injuries on the accident with defendant. Her responses to the questions asked, as interpreted by the interpreter, both at the deposition and at trial, made sense. They were not nonsensical responses.

■■ Plaintiff also argues that because signature on her deposition was reserved she should have been given an opportunity to review the deposition for accuracy before defendant used it to impeach her. We disagree. Plaintiff was fully aware of the existence as well as the substance of the deposition testimony. In fact, plaintiff not only had the information available to her before trial, but she was the source of it, as she disclosed the existence of her prior lawsuit during discovery. Furthermore, she moved *in limine* to bar the use of the deposition at

trial. She cannot now argue that she was denied an opportunity to review her deposition, the existence of which she had full knowledge, or that she was surprised by defendant's use of it. See *Hoffman v. Wilson* (1965), 60 Ill. App. 2d 396, 403, 208 N.E.2d 607, *appeal denied* (1965), 32 Ill. 2d 627.

■ Next, plaintiff contends that the trial court improperly barred a statement defendant gave to his insurer because defendant's attorney had voluntarily tendered the statement to plaintiff's attorney, thereby waiving the attorney-client privilege. We disagree.

It is clear that communications between an insured and his insurer fall within the attorney-client privilege. (*Braglia v. Cephus* (1986), 146 Ill. App. 3d 241, 249, 496 N.E.2d 1171, *appeal denied* (1986), 113 Ill. 2d 558; *Mooney v. Etheridge* (1978), 65 Ill. App. 3d 847, 851, 382 N.E.2d 826.) The privilege belongs to the client and may be waived only by the client's voluntary disclosure. *People v. Mudge* (1986), 143 Ill. App. 3d 193, 195, 492 N.E.2d 1050; *Newton v. Meissner* (1979), 76 Ill. App. 3d 479, 498-99, 394 N.E.2d 1241.

■ In the case at bar, defendant gave a taped statement to an investigator for his insurance company. At the defendant's deposition, defense counsel gave plaintiff's attorney a copy of the investigator's summary of the taped statement. Plaintiff thereafter subpoenaed the insurance investigator, but the trial court held that the communication between defendant and the insurance adjuster was privileged and that plaintiff could not call the adjuster as a witness at trial. The court then permitted the adjuster to testify in connection with an offer of proof by plaintiff, after which the court again held that the adjuster could not testify at trial because her communication with defendant was privileged. The court's ruling was proper because defendant's statement to his insurance company was privileged information. The fact that his attorney gave plaintiff's attorney a copy of the investigator's summary in defendant's presence was immaterial. The privilege was not voluntarily waived by defendant himself. In addition, the statement itself was not tendered to plaintiff; therefore, it was not actually disclosed. Moreover, plaintiff's attempt to have the investigator testify would have improperly apprised the jury of the existence of defendant's insurance coverage.

■ Plaintiff next contends that the trial court improperly permitted defendant to amend his unverified answer denying that his car hit plaintiff because in his original answer he admitted that fact. We disagree.

A fact admitted in a verified pleading is a formal, conclusive judicial admission which is binding on the pleader and which dispenses

with proof on that fact. (*Bartsch v. Gordon N. Plumb, Inc.* (1985), 138 Ill. App. 3d 188, 196-97, 485 N.E.2d 1105, *appeal denied* (1986), 111 Ill. 2d 580; *Robins v. Lasky* (1984), 123 Ill. App. 3d 194, 198, 462 N.E.2d 774.) However, an admission in an unverified pleading is merely an admission against interest which may be contravened or explained. *Bartsch v. Gordon N. Plumb, Inc.* (1985), 138 Ill. App. 3d 188, 196-97, 485 N.E.2d 1105, *appeal denied* (1986), 111 Ill. 2d 580.

In the case at bar, the trial court did not abuse its discretion in permitting defendant to amend his answer. Defendant's admission in his unverified answer was not a binding judicial admission. It was merely an admission against interest which the trial court properly allowed plaintiff to use in cross-examination and closing argument.

■■ Plaintiff argues, however, that she relied on defendant's admission in presenting her case. We do not agree. From the outset plaintiff knew defendant was relying on the defense that his car never hit plaintiff. In his opening statement defense counsel stated that defendant's car stopped before making contact with plaintiff. In addition, plaintiff was not prejudiced by defendant's late amendment because she presented full proof on her allegation that defendant's car had hit her even though defendant had originally admitted that fact. See *Goshey v. Dunlap* (1973), 16 Ill. App. 3d 29, 32-33, 305 N.E.2d 648.

As support for her position, plaintiff relies on *DiBenedetto v. County of Du Page* (1986), 141 Ill. App. 3d 675, 491 N.E.2d 13, *appeal denied* (1986), 112 Ill. 2d 572, where the appellate court concluded that the trial court abused its discretion in permitting the defendant, after the plaintiff had rested, to amend part of his answer to a denial from an admission. The appellate court, finding that the plaintiff had relied on the defendant's original admission throughout the trial to her prejudice, reversed the jury verdict for the defendant and granted the plaintiff a new trial. Since we have determined that the plaintiff in the case at bar did not rely on defendant's admission in presenting her case and that she was not prejudiced by the amendment, we find *DiBenedetto* inapplicable.

■■ Plaintiff's next contention is that the trial court improperly denied her motion for a directed verdict, especially in light of defendant's admission that his car hit plaintiff. We disagree. A directed verdict will be granted only where "all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelming[ly] favors the movant that no contrary verdict based on that evidence could ever stand." *Owens v. Stokoe* (1986), 115 Ill. 2d 177, 184, 503 N.E.2d 251, citing *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494,

510, 229 N.E.2d 504.

In the case at bar, we do not find that all of the evidence presented at trial, when viewed in its aspect most favorable to defendant, so overwhelmingly favored plaintiff that no contrary verdict could ever stand. The evidence involved questions of fact and credibility for the jury's determination. In addition, because we have found that defendant's admission was not a binding judicial admission, a directed verdict based on it would not have been proper.

■■■ Finally, plaintiff contends that the trial court improperly allowed the special interrogatory to go to the jury. We disagree. Plaintiff has waived review of this issue because she failed to preserve her objection at trial by failing to set it forth with enough specificity for the trial court to have been advised of the specific nature of the objection. (*Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 387, 385 N.E.2d 664; *Smilgis v. City of Chicago* (1981), 97 Ill. App. 3d 1127, 1129, 423 N.E.2d 1288.) In any event, we find that the special interrogatory was proper.

A special interrogatory requires the jury to determine one or more specific issues of ultimate fact and it functions as a check on the jury's deliberations which tests the general verdict against the jury's conclusions as to the ultimate controlling facts. (*Vuletich v. Bolgla* (1980), 85 Ill. App. 3d 810, 817, 407 N.E.2d 566, *appeal denied* (1980), 81 Ill. 2d 600.) In the instant case, the question of whether or not defendant's car hit plaintiff was one of the ultimate issues in the case. Plaintiff maintained throughout the trial that the car had hit her, whereas defendant consistently denied that it had. Accordingly, the interrogatory was properly sent to the jury.

For the foregoing reasons, we affirm the jury's verdict for defendant.

■■■ On appeal, defendant contends that the trial court erred in denying his section 5—109 motion for costs. (Ill. Rev. Stat. 1985, ch. 110, par. 5—109.) We agree. Section 5—109 provides that a defendant may recover costs from a plaintiff where judgment is entered for the defendant in a case where the plaintiff may have recovered costs had the plaintiff won. In the present case plaintiff could have recovered costs against defendant pursuant to section 5—108 (Ill. Rev. Stat. 1985, ch. 110, par. 5—108) if she had won, thus defendant was entitled to recover his costs against plaintiff. (See *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 441, 343 N.E.2d 479.) Accordingly, we reverse and remand for the trial court to determine the amount of defendant's costs plaintiff should be taxed.

■■■ Defendant also contends that the trial court improperly de-

nied his petition for section 2—611 attorney fees and expenses. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) We agree. Section 2—611 requires that in order to assess fees and expenses against a party for pleading falsely two requirements must be met: (1) the pleading must be made without reasonable cause, and (2) it must be untrue. (*Embassy/Main Auto Leasing Co. v. C. A. R. Leasing, Inc.* (1987), 155 Ill. App. 3d 427, 435, 508 N.E.2d 331.) We find in the instant case that those requirements have been met. The record amply supports the conclusion that plaintiff pleaded falsely and that she knew or reasonably should have known that her pleadings were false, especially in light of the fact that when defendant denied hitting plaintiff he was impeached by his original admission, yet the jury not only held in favor of the defendant but specifically found that his car had not hit plaintiff.

In denying defendant fees and expenses the trial court relied on the fact that defendant is an elderly, Spanish-speaking woman who had a different attorney representing her at her deposition which was used to impeach her during the present trial. While those facts may be true, they certainly did not give plaintiff the right to abuse her right to free access to the courts. (See *In re Estate of Wernick* (1986), 151 Ill. App. 3d 234, 502 N.E.2d 1146, *appeal allowed* (1987), 114 Ill. 2d 546, 508 N.E.2d 737; *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 466 N.E.2d 945, *appeal denied* (1984), 101 Ill. 2d 581.) Accordingly, we reverse and remand for the trial court to determine the amount of defendant's fees and expenses which should be assessed against plaintiff.

In summary: we affirm the verdict of the jury in favor of defendant; we reverse the judgments of the trial court denying defendant section 5—109 costs and section 2—611 attorney fees and expenses; and we find that this appeal and cross-appeal were needless extensions of a baseless lawsuit and that defendant is entitled to reasonable attorney fees and expenses incurred in prosecuting and defending these appeals. Accordingly, we also remand this cause to the trial court for a hearing to determine and to award defendant the following: costs pursuant to section 5—109; and reasonable attorney fees and expenses incurred by defendant at trial and in connection with these appeals pursuant to section 2—611.

Reversed in part and remanded; affirmed in part.

CAMPBELL and BUCKLEY, JJ., concur.