LAWRY'S THE PRIME RIB, INC., *et al.*, Plaintiffs-Appellants, v. THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO *et al.*, Defendants (Wiss, Janney, Elstner and Associates, Inc., Defendant-Appellee).

First District (3rd Division)   No. 1—89—2356

Opinion filed November 7, 1990.

Zacarias R. Chacon and Michael J. Murphy, both of Crotty & Chacon, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Kevin R. Sido, Stephen R. Swofford, and Michael J. Flaherty, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiffs, the owners and occupiers of property located at 100 East Ontario Street, Chicago, filed a 23-count complaint seeking damages for structural damage to their property which allegedly resulted from excavation on adjoining property located at 101 East Erie, Chicago (the Erie property). Three counts of the complaint were directed at Wiss, Janney, Elstner & Associates, Inc. (hereinafter defendant). On defendant's motion, the trial court granted it summary judgment on count IX of plaintiff's complaint, which alleged a cause of action under "An Act to prescribe the duty of an owner or occupant of lands upon which excavations are made in reference to the furnishing of lateral and subjacent support to adjoining lands and structures thereon" (the Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 3301 *et seq.*). Two other counts against defendant, XIX and XXII, for negligence and willful and wanton conduct, respectively, remain pending below. Plaintiffs appeal the summary judgment for defendant on count IX of their complaint.

Plaintiffs' complaint, in pertinent part, alleged the following: (1) in paragraph 14, that the owners of the Erie property entered an agreement with certain defendants to raze the structure then existing on the property and to construct a 22-story office building in its place; (2) in paragraph 16, that those defendants retained defendant to design, supervise and inspect the installation of the earth retention system to be used in connection with the excavation of the Erie property; (3) in paragraph 18, that all the defendants began demolishing and removing the structure then existing on the Erie property; (4) in paragraph 20, that all the defendants failed to provide adequate lateral and subjacent support to plaintiffs' property in connection with the planning, design, performance, supervision, and inspection of the excavation of the Erie property; and (5) in paragraph 60, that appellee, as designer and installer of the earth retention system for the excavation of the Erie property, was a "possessor" of the property as defined and intended in the Act.

In its answer to the complaint, which was not verified, defendant admitted the allegations of paragraph 16 but denied the allegations of

paragraphs 18, 20 and 60. In addition, defendant denied that, as plaintiffs alleged in count XIX, it owed plaintiffs a duty of reasonable care in designing, supervising and inspecting the installation of the earth retention system used in the excavation of the Erie property; it also denied the breaches of that duty alleged therein. Finally, it denied that, as plaintiffs alleged in count XXII, it was responsible for the design, installation and inspection of the earth retention system used in the excavation of the Erie property.

Defendant moved for summary judgment based on the affidavit of P.L. Popovic, a licensed structural engineer and defendant's employee. In his affidavit, Popovic stated that: (1) he had contracted on defendant's behalf with the general contractor for the construction project on the Erie property "to provide consulting engineering services pertaining to the design of a temporary earth retention system to be constructed by the general contractor" thereon; (2) the scope of professional services defendant provided under that contract was limited to the design of the earth retention system to be built by the general contractor; and (3) defendant was not involved in any aspect of the on-site excavation at the Erie property. Defendant argued, based on Popovic's affidavit, that it was not a possessor of the Erie property for purposes of the Act.

In response, plaintiffs argued, *inter alia*, that questions of fact existed as to whether defendant's responsibilities and activities as consulting engineer for the Erie property excavation and for the earth retention system used therein rendered it a possessor of the Erie property within the meaning of the Act. Specifically, plaintiffs argued that, contrary to defendant's argument, neither physical presence during nor control of an excavation was required for liability under the Act. Rather, inasmuch as the objective of the Act was to control the activities of parties involved in an excavation project, defendant's activities of designing, supervising and inspecting the installation of the earth retention system used on the Erie property, for which it had admitted it had been retained, were clearly the kind of activities encompassed within the Act.

Subsequently, defendant moved to amend its answer to paragraph 16 of plaintiffs' complaint to substitute, for the original admission of all the allegations thereof, an admission only of the allegation that it had been retained to design the earth retention system used in the Erie property excavation. Defendant asserted that its original admission of paragraph 16 had been inadvertent. Defendant replied to plaintiffs' response to its motion for summary judgment on the basis of, *inter alia*, its amended answer. After allowing defendant's motion

to amend its answer, the trial court granted its motion for summary judgment.

OPINION

On appeal, plaintiffs first argue that the pleadings, depositions and admissions on file before the trial court allowed defendant to amend its answer to paragraph 16 of the complaint raised an issue of material fact concerning whether defendant was a "possessor" of the Erie property within the meaning of the Act. Secondly, they argue that, to the extent that the amended answer to paragraph 16 eliminated a genuine issue of material fact concerning defendant's status, the trial court abused its discretion in allowing defendant to amend its original admission that it had been retained to design, supervise and inspect the installation of the earth retention system used on the Erie property.

The linchpin of plaintiffs' first argument is defendant's original admission that it had been retained to design *and* to supervise and inspect the installation of the earth retention system used in the Erie property excavation. That linchpin is rendered moot if we disagree with plaintiffs that the trial court abused its discretion in allowing defendant to file an amended answer to paragraph 16 of plaintiffs' complaint denying that it had been retained to supervise and inspect the installation of the earth retention system used in the Erie property excavation. As such, we will pass on the merits of plaintiffs' second argument first.

In asserting error in allowing defendant to amend its answer, plaintiffs note that, generally, amendment of pleadings should not be permitted if it concerns matters which the pleader knew at the time the original pleading was filed and the pleader offers no good reason for not including such matters in the original pleading. (*Morris v. City of Chicago* (1985), 130 Ill. App. 3d 740, 474 N.E.2d 1274.) In this regard, plaintiffs assert that defendant should have been aware of exactly what it was hired to do in connection with the Erie property excavation when it filed its original answer in December 1986. They further argue that defendant's reason for the amendment, that its original admission of paragraph 16 in its entirety was due to inadvertence, is insufficient to "explain the reversal" in the amended answer.

We agree with plaintiffs that defendant must have known what it was hired to do in connection with the Erie property excavation when it filed its original answer. However, we cannot agree that its stated reason for seeking to amend that answer, *i.e.*, inadvertence, was neither a good nor' sufficient reason therefor, especially in view of plain-

tiffs' failure to explain why it was not.

■■ Section 2—616(a) of the Civil Practice Law allows amendment of pleadings at any time before final judgment on just and reasonable terms. (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(a).) This statute is to be liberally construed to allow cases to be decided on their merits rather than on technicalities. (*Summar v. Indiana Harbor Belt R.R. Co.* (1986), 147 Ill. App. 3d 851, 515 N.E.2d 130.) Moreover, the decision to allow amendment of pleadings is within the sound discretion of the trial court, and the test for determining whether it has abused that discretion is whether its decision furthers the ends of justice. An important factor in that test is whether the opposing party is surprised or prejudiced by the amendment. *Deming v. Montgomery* (1989), 180 Ill. App. 3d 527, 536 N.E.2d 150.

■■ Applying the foregoing principles here, we conclude that the trial court did not err in allowing defendant to amend its original answer to paragraph 16 of the complaint. We agree with plaintiffs that defendant must have known when it filed that answer the role it had in the Erie property excavation. However, we cannot agree with plaintiffs that defendant's justification for amending that answer, *i.e.,* that its original admission of all the allegations of paragraph 16 was due to inadvertence, was not a good or sufficient reason for the amendment. *Cf. Colgan v. Premier Electrical Construction Co.* (1981), 92 Ill. App. 3d 407, 414 N.E.2d 1364 (admissions in verified pleading bind the pleader after filing of amended pleading unless latter' pleading discloses that the admissions were made through mistake or inadvertence).

We are sufficiently convinced that defendant's admission of all of the allegations of paragraph 16 was the result of mistake by the fact that defendant denied all of the other allegations of the complaint which were similar in substance to those of paragraph 16. The inherent contradiction in the admission of all the allegations of paragraph 16 and the simultaneous denial of all similar allegations in the remainder of the complaint clearly reveals that the former was inadvertent. In this regard, we find it unreasonable to conclude that the multiple denials of the allegations similar to those of paragraph 16, rather than the lone admission of the allegations of that paragraph, were the result of defendant's inadvertence. Moreover, given those denials, we do not believe that allowing defendant to amend its original answer to paragraph 16 could have surprised or prejudiced plaintiffs.

■■ As we noted above, plaintiffs' first argument is that the pleadings, depositions and admissions on file *before* the trial court allowed defendant to amend its answer to paragraph 16 raised an issue

of material fact concerning defendant's status as a "possessor" of the Erie property under the Act. As we also noted above, the linchpin of that argument is defendant's admission, in its original answer to paragraph 16 of the complaint, that it had been retained to design *and* to supervise and inspect the installation of the earth retention system used in the Erie property excavation. However, as we have rejected plaintiffs' contention of error in the trial court's allowing defendant to amend that answer, that argument is rendered moot. As such, we need not pass on plaintiffs' attempt, as part of that argument, to analogize defendant to a general contractor who is deemed a possessor of land for purposes of liability under the Act because he is actually involved in an excavation thereon. See *Proud v. W.S. Bills & Sons, Inc.* (1970), 119 Ill. App. 2d 33, 255 N.E.2d 64.

However, we do have to address plaintiffs' final contention that, even if the trial court properly allowed defendant to amend its answer to paragraph 16 of the complaint, defendant's earlier admission of all the allegations of paragraph 16 was still evidence in the case and sufficient to create a genuine issue of fact with respect to defendant's status under the Act.

■■ ■ Defendant's prior admission of the allegations of paragraph 16, having been part of an unverified answer, was not a binding judicial admission. (*Chavez v. Watts* (1987), 161 Ill. App. 3d 664, 515 N.E.2d 146.) However, plaintiffs are correct that it could still be used as an evidentiary admission against defendant for purposes of trial (*Chavez v. Watts* (1987), 161 Ill. App. 3d 664, 515 N.E.2d 146) or for purposes of deciding defendant's motion for summary judgment (*National Surety Corp. v. Swissler Plumbing, Inc.* (1988), 167 Ill. App. 3d 608, 521 N.E.2d 257) although it had been superseded by the amended answer thereto and otherwise ceased to be a part of the record (*Robins v. Lasky* (1984), 123 Ill. App. 3d 194, 462 N.E.2d 774). However, we find that evidence, alone, insufficient to create a genuine issue of material fact with regard to defendant's status for purposes of liability under the Act.

■■ In so concluding, we note that the Popovic affidavit, which defendant submitted in support of the motion for summary judgment, unequivocally negatived the admissions in defendant's original answer. A party opposing a motion for summary judgment cannot rely solely on the issues raised in the complaint or answer, where such issues are not further supported by evidentiary facts through affidavits. The practical effect of plaintiffs' failure to file counteraffidavits was to admit the facts presented in defendant's affidavit. (*Hernandez v. Johnson Press Corp.* (1979), 70 Ill. App. 3d 664, 670, 388 N.E.2d 778;

1060

*Manda v. Branham* (1977), 50 Ill. App. 3d 91, 94, 365 N.E.2d 216.) Therefore, the trial court did not err in granting the motion for summary judgment notwithstanding defendant's prior admission.

For all of the foregoing reasons, we affirm the summary judgment for defendant, Wiss, Janney, Elstner & Associates, Inc.

Affirmed.

CERDA, P.J., and RIZZI. J., concur.