MARY V. VOJAS, Plaintiff-Appellee, v. K MART CORPORATION, Defendant-Appellant.

Fifth District    No. 5—99—0170

Opinion filed March 24, 2000.

Michael Resis, of O'Hagan, Smith & Amundsen, of Chicago, for appellant.

John H. Leskera, of Leskera Law Firm, of Collinsville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff Mary V. Vojas filed a complaint against K mart Corporation (K mart), alleging that she slipped and fell in the K mart retail premises in Collinsville, Illinois, on May 5, 1996. The jury returned an itemized $40,000 verdict and awarded plaintiff $10,000 for disability, $10,000 for pain and suffering, $14,000 for emotional distress, $6,000 in medical expenses, and nothing for lost earnings. K mart argues that

it was entitled to judgment *n.o.v.* because plaintiff failed to present competent evidence that K mart knew or had reason to know of the foreign substance before plaintiff slipped and fell. K mart claims that two hearsay statements were inappropriately admitted to show K mart had notice of the substance on the floor. K mart also contends that plaintiff is not entitled to an award of $14,000 for emotional distress.

## BACKGROUND

Evidence at trial revealed the following. On May 5, 1996, at approximately 9 to 9:15 p.m., plaintiff and her daughter-in-law went to the K mart in Collinsville to buy work slacks. Plaintiff testified that while walking along the main aisle, her left foot slid off to the side, her right leg went under her left leg, her right foot went under her left foot, her body became twisted, and she fell on her left side. She testified that she had instant pain in her right leg and thigh all the way down to her foot. She stated that, while she was on the floor, her daughter-in-law told her of a black substance on the floor and on her shoe. She testified that the substance looked like black Vaseline.

She then testified that her daughter-in-law helped her up after a few minutes, and she walked, with the aid of a shopping cart, to the front desk. Plaintiff then stated that she asked one of the two women at the desk for an incident report. One of the women asked, "What happened?" Plaintiff stated that she told the woman that she had fallen on an unknown substance in the main aisle between the men's and maternity departments. Then one of the women, according to plaintiff's testimony, replied, "I thought they cleaned that up," or something to that effect. Plaintiff testified that the other woman then shrugged her shoulders and said, "Apparently not."

Plaintiff saw Dr. Michael Rallo the next day for the pain in her right leg. Plaintiff offered the following testimony about her medical conditions. The pain was in the outer aspect of her right thigh radiating down to the knee and along the outside of her calf. The pain did not improve over the next year. The pain was worse when she tried to walk or stand for any period of time, and it kept her awake at night. The pain has made her irritable and affected her mentally at work. She can no longer take long walks, work in her garden, or lift heavy packages. She needs her husband to assist her in doing household chores such as the laundry. Plaintiff can no longer fish with her husband. Her irritability has affected her relationships with her husband and family.

K mart presented witnesses who testified that K mart provides training and handbooks which teach employees the importance of

safety in the stores. The Collinsville store had received awards in the past for cleanliness, and it conducts ongoing training in cleaning up spills. Cathy Cox, the loss-control manager at the time of plaintiff's fall, completed a customer-accident worksheet over the telephone with plaintiff the day after the fall. She testified that plaintiff never told her that she fell on a greasy substance or that she was injured. Cox testified that nothing in the investigation showed that any K mart employee knew of any substance on the floor before the fall. Plaintiff testified that she recalls telling Cox that she slipped on a greasy substance, which her daughter-in-law wiped up with a tissue after the fall, and that she was seeking medical attention because she was in pain.

The jury returned an itemized verdict of $40,000, and the trial court entered judgment on the verdict. K mart filed a posttrial motion requesting a judgment *n.o.v.* or a new trial on all issues or a remittitur of $14,000 for the emotional-distress award. After a hearing, the trial court denied all posttrial relief.

## DISCUSSION

Turning first to K mart's contentions that it was entitled to a judgment *n.o.v.* because the only evidence of the notice of the dangerous condition consisted of improperly admitted hearsay statements, we conclude that K mart's contention is unpersuasive for two reasons. Plaintiff and her daughter-in-law testified that when they went to the front desk after the fall and told the two women at the desk what happened, one of the women stated, "I thought they cleaned that up," and the other woman responded, "Apparently not."

■ Plaintiff contends that these statements are not hearsay, as they were not offered for their truth. Plaintiff contends that she offered these statements not for their truth, to show that the spill had not been cleaned up, but rather to show that the employees knew that a spill existed. We conclude that even if the statements were offered for their truth and are therefore hearsay, they fall into the exception to the hearsay rule that makes admissions by a party admissible. Any statement made by a party or on his behalf that is relevant to a trial issue may generally be admitted into evidence as an admission by a party opponent. See *County of St. Clair v. Wilson*, 284 Ill. App. 3d 79, 88 (1996).

In the case of *Halleck v. Coastal Building Maintenance Co.*, 269 Ill. App. 3d 887, 893 (1995), the court analyzed the application of the party-admission exception to the hearsay rule. Relying on prior Illinois case law and the Handbook of Illinois Evidence (M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 802.9, at 770-74 (7th ed. 1999)), the *Hallack* court found that, traditionally, whether a statement by an employee concerning a matter within the scope of his

employment was an admission of the employer was determined by the agency test, *i.e.*, whether the statement was authorized by the employer. *Halleck*, 269 Ill. App. 3d at 892. The result under the traditional rule was that courts generally found that damaging statements were outside the scope of authority. See *Halleck*, 269 Ill. App. 3d at 892. Many courts, however, have recognized that the problem with the rule is that employees are rarely hired to make damaging statements. See, *e.g.*, *Halleck*, 269 Ill. App. 3d at 892; *Miller v. J.M. Jones Co.*, 225 Ill. App. 3d 799, 803 (1992); *Bafia v. City International Trucks, Inc.*, 258 Ill. App. 3d 4, 10 (1994).

In response to this problem, more recent Illinois cases hold that the principal's grant of authority to speak is not the main concern in applying the party-admission exception to the hearsay rule. See *Halleck*, 269 Ill. App. 3d at 893. Instead, the test is whether the statement concerns matters within the scope of the employment. See *Halleck*, 269 Ill. App. 3d at 893; *Miller*, 225 Ill. App. 3d at 803; *Ogg v. City of Springfield*, 121 Ill. App. 3d 25, 39-40 (1984); *In re Application of County Treasurer & Ex Officio County Collector*, 166 Ill. App. 3d 373, 379 (1988), *aff'd*, 131 Ill. 2d 541 (1989). Thus, *Halleck* concluded that "Illinois cases which adhere to the 'broader, better, and clearly current view' hold that a statement is a party admission if it is made during the existence of the employment relationship and concerning matters within the scope of the employment." *Halleck*, 269 Ill. App. 3d at 893, quoting M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 802.9, at 685 (6th ed. 1994); see also *Miller*, 225 Ill. App. 3d at 803; *Rinchich v. Village of Bridgeview*, 235 Ill. App. 3d 614, 626-27 (1992); *Edwards v. Alton & Southern Ry. Co.*, 275 Ill. App. 3d 529, 538 (1995).

■ In this case, the evidence shows that the statements were made during the employment relationship between K mart and the women at the front desk on the night of plaintiff's fall. In addition, the statements concern a matter within the scope of the employees' employment, namely, their knowledge that some sort of spill had occurred in the store's main aisle. Hence, the statements were properly admitted either because they were not hearsay or as an exception to the hearsay rule as a party admission. Therefore, there was proper evidence of notice, and K mart is not entitled to judgment *n.o.v.* based on the lack of notice.

K mart also alleges that it is entitled to a new trial because of several erroneous rulings. First, K mart claims that plaintiff was not entitled to recover $14,000 for emotional distress in addition to the $10,000 she received for pain and suffering and the $10,000 she was awarded for disability.

■ K mart argues first that plaintiff was not entitled to recover for emotional distress as part of a cause of action for ordinary negligence and that therefore the trial court erred when it gave the emotional-distress jury instruction. However, K mart did not raise this issue in its posttrial motion, nor did K mart raise the issue in the instruction conference at trial. In order to raise an issue on appeal concerning the giving of a jury instruction, the appellant must establish that it raised that argument at the instruction conference. See *Aguinaga v. City of Chicago*, 243 Ill. App. 3d 552, 575 (1993). A failure to object to the instructions given and a failure to tender a correct instruction results in a waiver of the issues on appeal. See *Aguinaga*, 243 Ill. App. 3d at 576. Since K mart did not raise the argument at the instruction conference or in a posttrial motion, we find that the issue of the improper emotional-distress jury instruction has been waived by K mart.

■ K mart also asserts that there was insufficient evidence to support the emotional-distress recovery by plaintiff. Plaintiff and her daughter-in-law testified at trial that plaintiff's mental state is different now than it was before the fall and that her relationships with her family have been strained since the accident. In addition, plaintiff gave several examples of activities she enjoyed before the fall but is now unable to enjoy, such as gardening, taking long walks, and baby-sitting her grandchildren. The jury found, based upon the evidence, that plaintiff was entitled to compensation in the amount of $14,000 for the emotional distress she suffered and the impact the fall has had on her life. This court will not substitute its judgment for that of the jury in determining the amount of damages. See *Riley v. Koneru*, 228 Ill. App. 3d 883, 887-88 (1992). Damages are a question of fact for the jury, and courts are reluctant to interfere with the jury's exercise of discretion in this area. See *Riley*, 228 Ill. App. 3d at 887. We find that the $14,000 award is not excessive and that K mart is not entitled to a new trial on the issue of the emotional-distress award.

■ In addition, K mart is not entitled to remittitur of the emotional-distress award. A damages award will not be subject to remittitur where, as here, it falls within the range of conclusions that are reasonably supported by the facts, because the assessment of damages is primarily an issue of fact for jury determination. See *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 412-13 (1997). The verdict here is within the range supported by the facts, and we will not disturb the jury's deliberative process in arriving at this amount.

Finally, K mart seeks a new trial based on the trial court's decision to strike a portion of Dr. Maurice Miller's cross-examination testimony regarding preexisting conditions in plaintiff's right knee. On cross-examination, Dr. Miller stated that plaintiff has a history of

arthritis, sciatica, and bursitis, all of which could cause pain in her right knee. The trial court struck the portion of Dr. Miller's testimony relating to these conditions. K mart contends that since plaintiff had preexisting conditions that could have caused her present injury, the testimony about those conditions should have been allowed.

The admission of evidence is within the sound discretion of the trial court. In any appeal from a discretionary ruling, the function of the appellate court on review is not to determine whether the trial court wisely exercised its discretion but only to determine if that discretion was abused. See *Anderson v. Anchor Organization for Health Maintenance*, 274 Ill. App. 3d 1001, 1007 (1995).

The issue of the admissibility of evidence of preexisting conditions or prior injuries under the "same part of the body" rule seems to be dealt with differently in our several judicial districts. As the supreme court has yet to address the issue, we find that an analysis of recent cases discussing the application of the rule in each district is warranted.

Illinois courts have allowed evidence of a prior injury to a plaintiff if the party offering the evidence established a causal relationship between the prior injury and the injury at issue or if the injury involved the same area of the body. See *O'Brien v. Thomas Steel Corp.*, 181 Ill. App. 3d 901 (1989); *Elberts v. Nussbaum Trucking, Inc.*, 97 Ill. App. 3d 381 (1981). The third district in *Elliott v. Koch*, 200 Ill. App. 3d 1, 14-16 (1990), analyzed the admissibility of evidence of an injury to the same part of the body without an evidentiary foundation. The court stated that in a personal injury action, evidence of a prior injury to the same part of the body is relevant to the fact issues of the proximate cause of the plaintiff's injuries and the extent of the plaintiff's injuries. *Elliott*, 200 Ill. App. 3d at 14. Therefore, the third district held that no medical foundation is required to introduce evidence of prior injury as long as the injury involves the same part of a plaintiff's body. *Elliott*, 200 Ill. App. 3d at 16.

Similarly, the fourth district in *Bailey v. Wilson*, 299 Ill. App. 3d 297, 303-04 (1998), affirmed the admission of evidence of a same-part-of-the-body injury without any further evidentiary foundation. *Bailey*, relying on the principle that relevant evidence is generally admissible, stated that in personal injury causes of action, evidence of a prior injury to the same part of the body is relevant both as to the cause of the plaintiff's injuries and the extent of those injuries. *Bailey*, 299 Ill. App. 3d at 303. The court held that the lack of a connection between the prior injury and the injury at issue does not preclude admission, although it may affect the weight to be given the evidence by the jury. *Bailey*, 299 Ill. App. 3d at 304. Therefore, in the fourth district, evi-

dence of a prior injury is admissible *either* when the defendant shows a causal connection between the prior injury and the injury at issue *or* when the injury involves the same part of the body. *Bailey*, 299 Ill. App. 3d at 304.

The fifth district, however, in *Brown v. Baker*, 284 Ill. App. 3d 401, 404 (1996), found that the analysis for the admissibility of same-part-of-the-body injury evidence needed to be refined. The traditional rule of admitting evidence of a prior injury to the same part of the body without showing a causal connection between the injuries leaves room, the court found, for curious results. *Brown*, 284 Ill. App. 3d at 404. For instance, a childhood fall that produced a bruised knee could arguably be admissible in the case of a later allegation of a knee injury, without any showing of relevance or causation. *Brown*, 284 Ill. App. 3d at 404-05. Without the benefit of testimony regarding causation between the injuries, juries are left to speculate about how the two are related, in violation of the cautionary instructions given to all jurors in the State of Illinois. *Brown*, 284 Ill. App. 3d at 405.

The court therefore found as follows: "If the prior injury has long since healed and has shown no recurring symptoms, the defendant should not be permitted to introduce evidence of a prior injury without establishing causation." *Brown*, 284 Ill. App. 3d at 405. The court held that the same standard applicable to the plaintiff on the issue of causation should also apply to the defendant. *Brown*, 284 Ill. App. 3d at 405. If the plaintiff is required to present expert testimony regarding causation of the injury at issue, the defendant must come forward with the same proof of causation of the injury by the prior injury. See *Brown*, 284 Ill. App. 3d at 405.

In reviewing prior holdings from other districts regarding the admissibility of prior-injury evidence without a causation showing, the *Brown* court did not find fault with other courts' holdings that if a prior injury is permanent and is similar to the present injury, no causation showing is required to admit the evidence. *Brown*, 284 Ill. App. 3d at 405. The second district recently followed the reasoning of *Brown* in the decision of *Voykin v. Estate of DeBoer*, 306 Ill. App. 3d 689 (1999).

The first district also followed the fifth district's analysis in *Cancio v. White*, 297 Ill. App. 3d 422, 429-30 (1998), when it rejected the same-part-of-the-body rule. The court expanded the *Brown* decision to exclude all evidence of a preexisting condition unless the defendant establishes a causal relationship between it and the present injury. *Cancio*, 297 Ill. App. 3d at 430. The court further stated that competent evidence of causation is evidence that is more than the mere possibility that the preexisting condition caused the present

injury. *Cancio*, 297 Ill. App. 3d at 430. However, in *Lagestee v. Days Inn Management Co.*, 303 Ill. App. 3d 935 (1999), the first district softened the *Cancio* ruling a bit by stating that in order to show causation, defendants need not always present medical expert testimony to support evidence of a prior injury. The exact evidence needed to establish causation, the court held, depends on the nature, extent, duration, or treatment of the prior injury or preexisting condition. *Lagestee*, 303 Ill. App. 3d 935.

■ In light of the conflicting holdings of the several districts, we follow the dictates of the fifth district precedent in *Brown* in deciding this case. Therefore, K mart must have made a showing of causation in order to introduce the prior-injury evidence. See *Brown*, 284 Ill. App. 3d at 406. This requirement is not a shifting of the burden of proof to the defendant; rather, it is a matter of establishing relevancy. The burden of establishing relevancy is always on the proponent of the evidence. Unless the prior injury has some relevant relationship to the injury at issue, it is not admissible. When, as here, the defendant is unable to show that the prior injury was related to the present one, the trial court properly refuses it.

For example, assume that the plaintiff in this case was the sister of Mother Theresa and that all the jurors were devout Roman Catholics. The plaintiff would obviously like to introduce evidence of her relationship to Mother Theresa; the defendant would quite properly question its relevancy. Conversely, assume that the plaintiff was a habitual consumer of a fifth of vodka a day and that the jurors were all Baptists. Now the defendant is anxious to introduce the evidence, and the plaintiff is questioning its relevancy. Assume further that in the second scenario the defendant produces a medical doctor, a neurologist, who testifies that the consumption of a fifth of vodka a day over a period of time will damage not only the liver of the imbiber but also her peripheral nerves, including the peroneal nerve, and will cause the type of pain that is complained of in the case. Under the latter set of circumstances, the defendant has established the relevancy of the alcohol consumption. No burden of proof was shifted to the defendant; the only burden imposed on the defendant is the one imposed upon every proponent of evidence—the proponent must establish relevancy.

K mart was unable to make a proper showing of how preexisting conditions in plaintiff's knee could have had a causal effect on the peroneal nerve injury complained of in this case. Plaintiff made it clear from her opening statement that the injury involved in this case was to her right peroneal nerve. No hip or knee injury was claimed. The right peroneal nerve goes down the side of the leg and knee and

into the calf. On direct examination of Dr. Miller, and in her own testimony, plaintiff limited the scope of testimony to the nerve injury in plaintiff's right leg. Therefore, the testimony elicited on cross-examination of Dr. Miller regarding prior orthopedic injury to plaintiff's right knee had no relevance to the nerve injury at issue in this case. Therefore, the testimony was not admissible, and the trial court properly excluded that testimony.

## CONCLUSION

For the foregoing reasons, the judgment entered by the trial court on the jury's $40,000 verdict in favor of plaintiff is affirmed.

Affirmed.

WELCH and MAAG, JJ., concur.