CHRIS BROWN, Plaintiff-Appellant, v. TIMOTHY BAKER, Defendant-Appellee.

Fifth District   No. 5—95—0578

Opinion filed October 30, 1996.

Harris, Lambert, Howerton & Dorris, of Marion, for appellant.

Joseph A. Bleyer, of Bleyer & Bleyer, of Marion, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Plaintiff obtained a jury verdict and judgment against defendant. Plaintiff filed a post-trial motion seeking a new trial on damages only. The motion was denied and plaintiff appealed.

The facts are as follows. Plaintiff, Chris Brown, filed a complaint against defendant, Timothy Baker, alleging that defendant negligently collided with plaintiff's automobile, causing property damage and personal injury.

Defendant filed a written admission of liability on the morning of trial.

For his damages, plaintiff claimed injuries to the person, pain and suffering, and medical expenses. Plaintiff alleged that he experienced pain in his neck and lower back. The treating physician testified that plaintiff had a herniated disc in his lower back.

Prior to trial, plaintiff's physician was deposed. Defense counsel asked on cross-examination whether the physician had treated plaintiff for a previous back problem prior to the accident. The physician replied affirmatively over plaintiff counsel's objection.

Before trial, defendant filed a motion *in limine* seeking to prevent plaintiff from limiting defendant's inquiry into the prior back injury. The court granted that portion of defendant's motion over plaintiff's objections. Consequently, defendant was able to inquire as to plaintiff's previous back injury. However, the record fails to indicate that defense counsel ever elicited testimony to suggest that plaintiff's current ailments were causally related to plaintiff's prior back problem.

Among the instructions tendered by the plaintiff was an instruction requesting damages for "physical injury to the body (not otherwise included in the elements of loss of a normal life or pain and suffering)." The court refused the instruction.

The jury awarded plaintiff $4,912.50. Plaintiff now appeals.

On appeal, plaintiff contends:

(1) The trial judge erred in allowing evidence of plaintiff's prior back injury;

(2) The trial judge erred in failing to give plaintiff's instruction on physical injury to the body (not otherwise included in the elements of loss of a normal life or pain and suffering); and

(3) The trial judge abused his discretion in failing to order a new trial in light of the jury's award of $4,912.50, which was palpably inadequate and the result of passion and prejudice by the jury against plaintiff.

Plaintiff first argues that the trial judge erred in allowing the defendant to introduce evidence of plaintiff's prior back injury. The evidence, plaintiff asserts, should not have been admitted because defendant did not show a causal connection between the past and present back injuries. We agree.

It is well settled in Illinois that a plaintiff in a negligence action bears the burden of proving duty, breach of duty, and proximate cause of the injury. *Taake v. WHGK, Inc.*, 228 Ill. App. 3d 692, 711, 592 N.E.2d 1159 (1992).

■ Generally, a plaintiff in a personal injury case must present the testimony of a medical expert to establish causation if the relationship between the claimed injury and the event in question requires special knowledge and training to establish. For example, if a plaintiff suffers a cut in an accident, the jury can readily determine without expert testimony that the accident caused the cut. But, if the nature of plaintiff's injury is complex or if the condition could be the result of some event or condition other than the accident in question, then expert testimony may be needed to establish the particular event that caused the pain and the underlying medical condition. This proof of causation is usually accomplished by presenting testimony from a physician on the causation issue. *Plooy v. Paryani*, 275 Ill. App. 3d 1074, 657 N.E.2d 12 (1995).

We recognize that, historically, when determining whether a defendant must show causation regarding a preexisting condition, Illinois courts have focused merely on whether the prior and present injuries were to the same part of the body. We find this analysis to be in need of refining.

■ We are compelled to first consider the reasoning behind the long-standing "same part of the body" rule. Generally, a defendant in a personal injury case may cross-examine a plaintiff regarding any previous injuries if they are relevant and similar to those at issue. *Leahy v. Illinois Power Co.*, 103 Ill. App. 3d 487, 431 N.E.2d 390 (1981). The rationale for allowing such evidence is to allow a defendant to show that plaintiff's present ailments resulted from a previous accident or injury and not from the events which gave rise to the current litigation. *Saputo v. Fatla*, 25 Ill. App. 3d 775, 324 N.E.2d 34 (1975). As long as the past and present injuries affected the same part of the body, evidence of the prior injury has been admissible without a further showing that it is causally related to the current injury.

This rule leaves room for curious results. For instance, a childhood knee injury (falling and bruising a knee) could arguably be admissible in the case of a later alleged knee injury, without any fur-

ther showing of relevance or causation, even if the prior injury had completely healed and been symptom free for decades. In fact, when asked at argument about such a scenario, defense counsel adopted this very position. Such a rule defies common sense. Obviously, evidence of the old injury is presented to imply to the jury that the old injury, and not the occurrence presently at issue, is responsible for the plaintiff's current complaints. Without the benefit of testimony regarding causation in these instances, jury members are invited to speculate on a nexus between the past accident and the present injury. Such unfounded conjecture and guesswork constitutes a violation of the very cautionary instructions given to every Illinois juror in civil cases. Illinois Pattern Jury Instructions, Civil, No. 1.01(3) (3d ed. 1989).

If a prior injury has long since healed and has shown no recurring symptoms, a defendant should not be permitted to introduce evidence of the prior injury without establishing causation.

So that our decision is clear, we are not changing the evidentiary rules that regulate the admission of evidence to prove causation. We simply hold that the same standard applicable to the plaintiff on the issue of causation should also apply to the defendant. If a plaintiff would be required to present expert testimony on causation, the defendant should also be required to do the same. Thus, even if the plaintiff injured the same part of his body which he had injured previously, if defendant wishes to claim that the present problem is related to the prior injury, the same standard applicable to a plaintiff proving causation should be applied to defendant's attempt to prove causation. Accordingly, the court erred in admitting evidence that plaintiff had suffered a prior back injury solely on the basis that it involved the same part of the body.

Although defendant urges us to base our ruling on *Wilson v. Granite City Steel Division of National Steel Corp.*, 226 Ill. App. 3d 96, 589 N.E.2d 660 (1992), that case is distinguishable. In *Wilson*, we found that evidence of plaintiff's prior knee injury was properly admissible without an independent showing of causation. *Wilson*, 226 Ill. App. 3d at 112, 589 N.E.2d at 670. In *Wilson*, the plaintiff had previously injured his knee and filed a claim for that injury. There was evidence that the symptoms from the prior injury were similar, and most importantly, in the previous injury case the plaintiff's doctor testified that plaintiff's symptoms were *permanent*. *Wilson*, 226 Ill. App. 3d at 108, 589 N.E.2d at 668. Because the symptoms were both similar and permanent, the defendant in *Wilson* was not compelled to show causation in order to admit evidence of the prior injury. We find no fault with such reasoning.

In the instant case, by contrast, there was no evidence of permanent injury due to plaintiff's prior back injury. Thus, it was incumbent upon the defense in this case to make an independent showing of causation for evidence of the prior back injury to be admissible. We must, therefore, reverse and remand for a new trial on damages.

■ We find no merit in defendant's contention that plaintiff waived his objection to the admission of the prior-injury evidence. Defendant notes that plaintiff did not contemporaneously object to the evidence at trial and, therefore, defendant asserts that plaintiff waived the issue.

The law in Illinois clearly provides that a *denial* of a motion *in limine* does not preserve an objection to disputed evidence later introduced at trial. When a motion *in limine* is denied, a contemporaneous objection to the evidence at the time it is offered is required to preserve the issue for review. *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 163 Ill. 2d 498, 645 N.E.2d 896 (1994); *Cunningham v. Millers General Insurance Co.*, 227 Ill. App. 3d 201, 591 N.E.2d 80 (1992).

Here, however, defendant's motion *in limine* was not denied; rather, it was granted before trial. Thus, plaintiff was in effect ordered not to object to the disputed evidence. The issue is therefore not waived.

■ Defendant's further contention that plaintiff improperly introduced evidence of the prior injury himself is likewise unfounded. The court had ruled that the evidence was admissible. Plaintiff was entitled to address the evidence. See *People v. Spates*, 77 Ill. 2d 193, 199-200, 395 N.E.2d 563, 566 (1979); *People v. Norwood*, 164 Ill. App. 3d 699, 703 n.1, 518 N.E.2d 46, 49 n.1 (1987); M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.4, at 13-14 (6th ed. 1994).

■ Plaintiff also argues that the court erred in denying plaintiff's tendered jury instruction regarding damages. The damaged disc, plaintiff contends, constitutes physical damage to his body that is not covered by other elements of damages. Plaintiff maintains that the disc does not cause pain or disability, nor does it upset his living a normal life. Consequently, plaintiff asserts, the jury had no method of awarding damages for this actual physical damage or "reduction of integrity" in his damaged disc. We find plaintiff's argument to be without merit.

Plaintiff offers no case law to support his contention. Under Supreme Court Rule 341(e)(7), an appellant's brief must include citations to authority supporting his argument. 134 Ill. 2d R. 341(e)(7).

Although plaintiff here speaks at length of *Powers v. Illinois Central Gulf R.R. Co.*, 91 Ill. 2d 375, 438 N.E.2d 152 (1982), *aff'g in part & rev'g in part* 92 Ill. App. 3d 1033, 416 N.E.2d 1161 (1981), he fails to cite any authority specifically supporting his argument for "reduction of integrity" damages. Thus, we find that plaintiff's contention must fail. We find no error in the court's refusal of the tendered instruction.

Because of our disposition of the first issue, we need not address the claim that the damage award was inadequate.

For the foregoing reasons, the judgment of the circuit court is affirmed in part and reversed in part, and the cause is remanded for a new trial on damages only.

Affirmed in part and reversed in part; cause remanded with directions.

CHAPMAN and WELCH, JJ., concur.