23 July 1999

No. 2--98--0683 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

MARK A. VOYKIN, ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellant, )

) No. 96--AR--1953

v. )

)

ESTATE OF GORDON A. DeBOER, ) Honorable

) Terrence J. Brady,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE GEIGER delivered the opinion of the court:

Mark Voykin, the plaintiff in this personal injury case,  appeals from a judgment in favor of the defendant, the estate of Gordon A. DeBoer.  The central issue on appeal is whether the trial court erred by admitting evidence of plaintiff’s prior injuries without evidence of a causal link between them and his present injuries.  We conclude that a foundation of some evidence of a causal link between the plaintiff's prior injuries and his present injuries is required before the admission of evidence of the prior injury is allowed.  We therefore reverse and remand.

The plaintiff's complaint against the defendant arose from an automobile accident.  On January 31, 1996, the plaintiff was operating an automobile that was stopped for a traffic signal.  Another automobile, driven by Gordon A. DeBoer, collided with the rear end of the plaintiff's automobile (the accident).  The plaintiff filed a complaint against DeBoer alleging that DeBoer's negligence caused the accident and that the plaintiff suffered bodily injuries as a result of the accident.  On June 10, 1997, an award of arbitration regarding the matter was filed in the circuit court of Lake County.  DeBoer subsequently rejected the award and the case was set for trial.  Before the trial began, DeBoer died and his estate was substituted as the party defendant.

At trial, the plaintiff called Chinyung See, a licensed medical doctor, as a witness.  Dr. See's testimony included the following.  The plaintiff first came into Dr. See's office on February 1, 1996.  The plaintiff complained of back and neck injuries he claimed resulted from an automobile accident.  Dr. See examined the plaintiff and took X rays.  Dr. See concluded that the plaintiff had suffered lower back injuries and neck injuries.  Dr. See described the plaintiff's lower back injuries as medial mild degenerative changes in the lumbar spine with lumbar sacralization of the L-5 spine.  Dr. See described the plaintiff's neck injuries as muscle spasms with a decreased range of motion and reversal of the lordosis of the neck.  He then prescribed a course of treatment for the plaintiff's injuries that included physical therapy.  Dr. See treated the plaintiff for the next two to three months.  Treatments were terminated after the plaintiff obtained an optimal level of relief.  Dr. See testified that the accident caused the plaintiff's injuries.

On cross-examination, defendant's counsel produced a document that the plaintiff completed at Dr. See's office on February 1, 1996.  The document was a form that contained the medical history of the plaintiff.  Over the plaintiff's objections, the trial court allowed Dr. See to testify regarding a prior back injury that was listed on the form.  Dr. See acknowledged that the medical history stated that the plaintiff had suffered a back injury in April 1990.  Dr. See testified that he did not ask the plaintiff for additional information regarding the prior back injury.  Dr. See was also unaware that the plaintiff had been treated by an orthopedic surgeon in 1990 and that another physician had prescribed physical therapy for the plaintiff in May 1995.  Dr. See acknowledged that the plaintiff had not advised him that, within seven or eight months before the accident, the plaintiff had difficulty sitting for a period of one hour because of back pain.  Dr. See agreed that such information would be important to know in the diagnosis and treatment of an injury.

After Dr. See completed his testimony the plaintiff renewed his objection to See's testimony regarding the prior back injury.  The plaintiff argued that the testimony was improper because it did not establish, to a reasonable degree of medical certainty, that the prior injury was related to his present complaints of ill being.  Defendant responded that the testimony was relevant because the plaintiff's prior injury was to the same part of the body as his present injury.  The trial court denied the objection.

The plaintiff then testified that he had been a police officer for about eight years.  On the day following the accident, the plaintiff went to Dr. See's office because he had neck and back pain.  When he first went to Dr. See, the plaintiff rated the pain in his neck as a 7 or 8 on a scale of 1 to 10.  After being treated by Dr. See over a period of about 3 months, the plaintiff rated the pain in his neck as a 2 or 3 on a scale of 1 to 10.  After the treatment was completed, the plaintiff continued to experience occasional pain in his neck and back.  The plaintiff attributed this pain to the accident.

On cross-examination, the plaintiff was asked about his prior injuries.  The plaintiff objected on the ground that the defendant had not introduced medical testimony which established a relationship between the prior injury and the plaintiff’s current condition.  The trial court overruled the objection.  The plaintiff then testified that he had actually suffered the prior back injury in April 1991, not April 1990, as indicated on Dr. See's medical history form.  In April 1991, the plaintiff suffered an injury to his lower back while on duty as a police officer.  As a result of the injury, the plaintiff sought and received medical treatment from an orthopedic surgeon.  The plaintiff was asked whether the orthopedic surgeon had requested that the plaintiff have an MRI in 1994.  The plaintiff responded that he was not certain of the date.

During the plaintiff's cross-examination, the defendant's counsel also produced a document from Sports Therapy Physical Therapy Center (STPTC).  The plaintiff recalled receiving physical therapy at STPTC.  The defendant's counsel then asked the plaintiff about the document.  The plaintiff recalled an interview related to his therapy at STPTC in May 1995.  During the interview, the plaintiff told the physical therapist the details of his 1991 back injury; that he had neck problems secondary to playing hockey when he was six years old; that he was taking numerous Ibuprofen daily to reduce lower back complaints; that he had an MRI taken of his lumbar spine about two years previously; that sitting was the most troublesome to his back and that he could tolerate only about one hour of sitting; that he worked out with martial arts five days a week even though it aggravated his lower back pain because it was helping with a wrist ailment; and that his right side lower back condition was very painful, rating a 6 out of 10.  The plaintiff also acknowledged that he had been treated by a doctor of internal medicine named Sudovich early in the 1990s.

The defendant's offered the admission of the document containing the plaintiff's interview with his therapist at STPTC.  The trial court admitted the document over the plaintiff's objection.

After the defendant rested, the trial court granted the plaintiff a directed verdict as to the defendant's negligence.  The trial court noted that it was not granting a directed verdict as to causation or injuries.

The plaintiff then tendered an additional jury instruction.  The tendered instruction was a verbatim copy of Illinois Pattern Jury Instructions, Civil, No. 30.21 (3d ed. 1995), including the brackets around the optional choices in the instruction.  As tendered, the instruction stated:

"If you decide for the plaintiff on the question of liability, you may not deny or limit the plaintiff's right to damages resulting from this occurrence because any injury resulted from [an aggravation of a pre-existing condition] [or] [a pre-existing condition which rendered the plaintiff more susceptible to injury]."

The trial court determined that the brackets in the tendered instruction would be confusing to the jury.  The trial court therefore refused to give the instruction to the jury.  The plaintiff's attorney sought to explain the presence of the brackets in the instruction by stating "[m]y secretary was gone when I got back to the office."  The trial court then stated that the plaintiff could argue the issue to the jury but that the instruction would not be given to the jury.

The jury returned a verdict for the defendant and against the plaintiff.  The trial court entered judgment on the verdict.  The plaintiff then filed a timely motion for a new trial.  In the motion, the plaintiff contended that the trial court erred in admitting evidence of the plaintiff's prior injuries without expert medical testimony showing a causal connection between the past and present injuries.  The plaintiff also contended that the trial court erred in refusing to give the jury the instruction he tendered.  The trial court denied the motion.  The plaintiff's timely notice of appeal followed.

On appeal, the plaintiff contends that the trial court erred (1) when it admitted evidence regarding his prior injuries without medical testimony showing a causal connection between his prior and present injuries; and (2) when it refused to give the jury the instruction that he tendered.  The plaintiff asserts that these errors require the reversal of the judgment that was entered against him.

With respect to the alleged error in the admission of evidence of his prior injuries, the plaintiff relies primarily on 
Brown v. Baker
, 284 Ill. App. 3d 401 (1996).  The plaintiff urges us to follow 
Brown
.

In 
Brown
, the plaintiff claimed that he suffered neck and lower back injuries in an automobile accident caused by the defendant's negligence.  The trial court granted the defendant's motion 
in
 
limine
 that prevented the plaintiff from limiting the defendant's inquiry into treatment that the plaintiff received for a prior back injury.  On appeal, the plaintiff contended that the trial court erred in allowing evidence of his prior back injury because the defendant was required to show a causal connection between the past and present injuries but did not do so.  
Brown
, 284 Ill. App. 3d at 403-04.

In 
Brown
, the Appellate Court, Fifth District
, noted that medical testimony is generally required to establish the causation of a claimed injury in a personal injury case when the injury is complex or could have resulted from some event or condition other than the accident in question. 
 The court also noted the "same part of the body" rule that allows a defendant in a personal injury case to introduce evidence of past injuries without showing causation between the past and present injuries when the injuries were to the same part of the body.  
Brown
, 284 Ill. App. 3d at 404.

The 
Brown
 court examined the reasoning behind the same part of the body rule and concluded that the rule was in need of refinement because it invited speculation as to a nexus between past and present injuries.  The court stated:

"If a prior injury has long since healed and has shown no recurring symptoms, a defendant should not be permitted to introduce evidence of the prior injury without establishing causation.

So that our decision is clear, we are not changing the evidentiary rules that regulate the admission of evidence to prove causation.  We simply hold that the same standard applicable to the plaintiff on the issue of causation should also apply to the defendant.  If a plaintiff would be required to present expert testimony on causation, the defendant should be required to do the same.  Thus, even if the plaintiff injured the same part of his body which he had injured previously, if defendant wishes to claim that the present problem is related to the prior injury, the same standard applicable to a plaintiff proving causation should be applied to defendant's attempt to prove causation."  
Brown
, 284 Ill. App. 3d at 405.

The appellate court then considered the trial court's admission of evidence regarding the plaintiff's prior back injury.  The court ruled that the admission of such evidence solely because it satisfied the same part of the body rule and without evidence of causation was improper.  
Brown
, 284 Ill. App. 3d at 405.

In 
Cancio v. White
, 297 Ill. App. 3d 422 (1998), the Appellate Court, First District, followed 
Brown
.  
The court applied the reasoning in 
Brown
 to a preexisting condition.  
Cancio
, 297 Ill. App. 3d at 430.

The first district has also followed 
Brown
 in 
Lagestee v. Days Inn Management Co.
, No. 1--97--4186 (March 15, 1999).  The court stated:

"After a careful review of 
Brown
 and 
Cancio
, we hold that the defendant is required to present medical or other competent evidence of a causal or relevancy connection between plaintiff's prior injury, prior accident, or preexisting condition and the injury at issue as a prerequisite of admissibility.  
Brown
, 284 Ill. App. 3d at 405; 
Cancio
, 297 Ill. App. 3d at 430.

Defendant may not always need to present medical expert testimony for admissibility purposes.  The exact evidence defendant will need to produce to establish the relevancy or causal connection may for example depend on the nature, extent, duration and treatment of the prior injuries, prior accidents or preexisting condition and the injury for which plaintiff is seeking damages."  
Lagestee
, No. 1--97--4186, slip op. at 9.      .

The Appellate Court, Fourth District, has decided not to follow 
Brown
.  In 
Bailey v. Wilson
, 299 Ill. App. 3d 297 (1998), the court recognized that there were problems with the same part of the body rule but decided that the benefits from allowing evidence of prior injuries under the rule outweighed the problems with the rule.  The court stated that although "expert testimony establishing a causal link between the past injury and present symptoms increases the weight afforded the evidence, defendant need not establish this link for the evidence to be admitted."  
Bailey
, 299 Ill. App. 3d at 304.

In the past, this court has applied the same part of the body rule.  
Molitor v. Jaimeyfield
, 251 Ill. App. 3d 725 (1993).  The issue before us is whether to continue to apply the same part of the body rule as in 
Bailey
, or to follow 
Brown
, as the plaintiff urges us to do
.  We are not aware of any decision by this court that has resolved this issue.  We believe that the reasoning in 
Brown
, 
Cancio
, and 
Lagestee
 is persuasive.  We therefore choose to follow those cases and will no longer apply the same part of the body rule.  Instead, as in 
Brown
, 
Cancio
, and 
Lagestee
, we will require evidence of causation between prior and present injuries in order for evidence of the prior injuries to be admitted
.

Applying the principles set out in 
Brown
, 
Cascio
, and 
Lagestee
 to this case, we conclude that the trial court erred when it allowed the defendant to introduce evidence regarding the plaintiff's prior injuries.  The defendant failed to provide any medical testimony or other competent evidence establishing a causal link between any of the plaintiff's past injuries and the plaintiff's present injuries.

As to the plaintiff's neck injuries, the only evidence that the defendant introduced regarding past injuries to the plaintiff's neck was a medical history report showing that the plaintiff suffered secondary neck injuries from playing hockey when he was six years old.  Nothing showed a causal link between the past neck injuries and the present neck injuries.

The evidence of the plaintiff's prior lower back injury was more complex.  The plaintiff's prior back injury occurred in April 1991, almost five years before the accident.  While the defendant introduced evidence tending to show that the plaintiff continued to suffer ill effects from his prior back injury as recently as a few months before the accident, the defendant does not contend that it introduced evidence that established a causal connection between the plaintiff's prior injuries and his present injuries.  Rather, the defendant asserts that it did all that it was required to do, 
i.e.
, introduce some evidence of the nature, extent, duration, or treatment of the previous injuries.  We note that such evidence was all that was required by the same part of the body rule.  See 
Molitor
, 251 Ill. App. 3d at 728.  However, as we have ruled that we will no longer apply the same part of the body rule, the defendant’s argument must fail.  

We note that the 
Lagestee
 court stated that medical expert testimony may not always be necessary to establish causation for admissibility purposes.  However, in this case where the injuries were complex, we find that medical expert testimony was necessary to establish a causal link between the plaintiff's past injuries and his present complaints of ill being.

We note that in 
Brown
 the court addressed the case of 
Wilson v. Granite City Steel Division of National Steel Corp.
, 226 Ill. App. 3d 96 (1992).  In commenting on that case, the 
Brown
 court stated that it did not disagree with the determination in 
Wilson
 that a defendant would not be required to show causation between past and present injuries, where the symptoms of the past injury were both similar to the present injury and permanent.  
Brown
, 284 Ill. App. 3d at 405.

The 
Brown
 court's acceptance of the reasoning in 
Wilson
 does not change our conclusion in this case.  Here there was no showing that the symptoms of the plaintiff's prior back injury were similar to his present back injury.  In addition, there was no specific showing that the plaintiff's prior back injury was permanent.  The defendant did not introduce any evidence that contradicted the plaintiff's testimony that he was not experiencing back symptoms just before the accident.  The defendant did not show that the plaintiff was receiving treatment for his prior back injury at the time of the accident.  It is possible that the plaintiff’s prior back injury may have been in the nature of a preexisting condition.  As such, the defendant would still be required to show causation.  See 
Cancio
, 297 Ill. App. 3d at 430.

In view of our decision to follow 
Brown
, 
Cancio
, and 
Lagestee
, we hold that the trial court erred when it admitted evidence of the plaintiff's prior injuries.

We now turn to the plaintiff's contention that the trial court erred when it refused to give the jury his tendered instruction regarding the aggravation of a preexisting condition.  The plaintiff asserts that he testified that the accident made his back condition worse and that he was therefore entitled to have the jury instructed regarding a preexisting condition.

We do not disagree with the plaintiff's assertion.  However,  in this case the record clearly shows that the instruction tendered by the plaintiff was not in acceptable form because it contained brackets.  The reason that the trial court refused to give the instruction was that its use of brackets could be confusing to the jury.  The decision on whether to give a specific instruction to the jury lies within the province of the trial court, and we will not reverse that decision absent an abuse of discretion.   
People v. Garcia
, 165 Ill. 2d 409, 432 (1995).  Misleading instructions should not be given to the jury.  
Swartz v. Sears, Roebuck & Co.
, 264 Ill. App. 3d 254, 267 (1993).  Based on this record, we cannot say that the trial court abused its discretion when it refused to give the jury the tendered instruction.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded for a new trial consistent with this decision.

Reversed and remanded.

INGLIS and RAPP, JJ., concur.