(No. 88227.—

MARK VOYKIN, Appellee, v. ESTATE OF GORDON DeBOER, Appellant.

*Opinion filed July 6, 2000.*

HEIPLE, J., joined by MILLER, J., dissenting.

Theodore A.E. Poehlmann and Stephen J. Tasch, of Woodstock, for appellant.

Saul M. Ferris, of Ferris, Thompson & Zweig, Ltd., of Gurnee, for appellee.

Timothy J. Harris, of Broderick, Steiger & Maisel, of Chicago, for *amicus curiae* Illinois Association of Defense Trial Counsel.

Mark D. Prince, of Hughes & Prince, of Carbondale, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE RATHJE delivered the opinion of the court:
This appeal presents the question of whether a defendant must present medical or other competent evidence of a causal or relevancy connection between a plaintiff's prior injury, prior accident, or preexisting condition and the injury at issue.

## BACKGROUND
This action arose from an automobile accident between plaintiff, Mark Voykin, and decedent, Gordon De-Boer. The evidence at trial established that, on January 31, 1996, decedent's car collided with the rear of plaintiff's car. Although plaintiff did not seek medical attention on the evening of the accident, the next morning, at

his wife's suggestion, he sought treatment from Dr. Chinyung See for neck and back pain. Subsequently, in the circuit court of Lake County, plaintiff sued decedent for injuries suffered in the accident. After suit had been filed, but before trial, decedent died, and his estate was substituted as defendant.

During the trial, plaintiff sought to bar and defendant sought to introduce evidence that, in April 1991, approximately five years before the accident, plaintiff had suffered an injury to his lower back. Plaintiff argued that such evidence was not admissible unless defendant presented expert testimony demonstrating that the prior and present injuries were causally related. Defendant contended that expert testimony was not necessary because the injuries were to the same part of the body and continuity existed between the injuries. The trial court allowed defendant to question plaintiff and Dr. See about this prior injury and to introduce evidence relating to the treatment of plaintiff's prior injuries. The trial court also allowed defendant to introduce evidence that plaintiff had previously suffered "neck problems" and had been treated for carpal tunnel syndrome.

After defendant rested, the trial court granted plaintiff's motion for a directed verdict as to defendant's negligence. The court specifically stated, however, that it was not ruling on the questions of causation or injury. The jury returned a verdict in defendant's favor, and the trial court entered judgment on the verdict. In his post-trial motion, plaintiff argued that he should receive a new trial because defendant should not have been permitted to introduce evidence of plaintiff's prior injury without providing expert testimony to demonstrate a causal connection between the past and present injuries. The trial court denied plaintiff's motion, and plaintiff timely appealed.

The appellate court reversed and remanded for a new

trial. The court examined recent decisions from other districts of the appellate court and concluded that evidence of prior injuries should not be admitted unless the defendant presents "evidence of causation between prior and present injuries." 306 Ill. App. 3d 689, 695. The court further explained that expert testimony would normally be necessary if the injuries were "complex." 306 Ill. App. 3d at 696. Thereafter, this court granted defendant's petition for leave to appeal (177 Ill. 2d R. 315). We also granted the motions of the Illinois Association of Defense Trial Counsel and the Illinois Trial Lawyers Association to file briefs as *amici curiae*.

## ANALYSIS

History of the Same Part of the Body Rule

The "same part of the body rule," a doctrine developed in the appellate court, permits a defendant to introduce evidence that the plaintiff has previously suffered injuries similar to those at issue. *Brown v. Baker*, 284 Ill. App. 3d 401, 404 (1996). Under the same part of the body rule, evidence of a prior injury is admissible without any showing that it is causally related to the present injury as long as both the past and present injuries affected the same part of the body. *Brown*, 284 Ill. App. 3d at 404. If the injury is not to the same part of the body, the defendant must demonstrate a causal connection between the current injury and the prior injury. *Bailey v. Wilson*, 299 Ill. App. 3d 297, 303 (1998); see also *Elliott v. Koch*, 200 Ill. App. 3d 1, 14 (1990).

Although this court has never addressed the applicability of the same part of the body rule, the appellate court universally applied the rule until 1996. At that time, the Appellate Court, Fifth District, reconsidered the rule. The court noted that, under the rule as it was currently being applied, a childhood knee injury could arguably be admissible in an action involving a later knee

injury, "without any further showing of relevance or causation, even if the prior injury had completely healed and been symptom free for decades." *Brown*, 284 Ill. App. 3d at 404-05. The court concluded that such a rule of evidence invited the jury to speculate on the nexus between the prior and current injuries. *Brown*, 284 Ill. App. 3d at 405. The court concluded that, if the prior injury has "long since healed and has shown no recurring symptoms, a defendant should not be permitted to introduce evidence of the prior injury without establishing causation." *Brown*, 284 Ill. App. 3d at 405.

Subsequently, the First District relied upon *Brown* and concluded that, "absent competent and relevant evidence of a causal connection between the preexisting condition and the injury complained of, evidence of the preexisting condition is inadmissible." *Cancio v. White*, 297 Ill. App. 3d 422, 430 (1998); see also *Lagestee v. Days Inn Management Co.*, 303 Ill. App. 3d 935, 946-47 (1999) (holding that "the defendant is required to present medical or other competent evidence of a causal or relevancy connection between plaintiff's prior injury, prior accident, or preexisting condition and the injury at issue as a prerequisite of admissibility").

After *Cancio* was decided, the Fourth District reconsidered and reaffirmed the same part of the body rule. *Bailey*, 299 Ill. App. 3d at 304. In so doing, the court held that "[a]s long as there is some evidence of the nature, extent, duration, or treatment of the previous injury, an independent showing of causation is unnecessary." *Bailey*, 299 Ill. App. 3d at 304.

Plaintiff asks us to follow the reasoning of *Brown*, *Cancio*, and *Lagestee* and to discard the same part of the body rule. Defendant requests that we adopt the same part of the body rule.

### Shifting the Burden of Proof

Defendant's chief argument in favor of the same part

of the body rule is that requiring a defendant to present evidence of causation impermissibly shifts the burden of proof to defendant. The problem with defendant's argument is that this court rejected it in 1962.

In *Caley v. Manicke*, 24 Ill. 2d 390 (1962), the plaintiff recovered $20,000 for injuries sustained in a car accident. On appeal, the defendant argued that the trial court erred in striking evidence of the plaintiff's prior and subsequent accidents. This court, in rejecting that claim, noted that the issue "was fully and correctly resolved by the Appellate Court and we adopt its views in such regard." *Caley*, 24 Ill. 2d at 395.

In *Caley*, the defendant sought to question the plaintiff regarding accidents occurring before and after the accident at issue. The defendant's theory was that these other accidents were the cause of the plaintiff's injuries. The defendant contended that, because the plaintiff always bears the burden of proving proximate cause, the defendant did not need to demonstrate a connection between the other accidents and the plaintiff's injuries.

The appellate court rejected the defendant's argument. It explained that, although the burden of proof never shifts between the parties, the "burden of going forward with the evidence may shift from party to party." *Caley v. Manicke*, 29 Ill. App. 2d 323, 327 (1961). The court further reasoned that, although the defendant bore the burden of demonstrating the connection between the other accidents and the plaintiff's injuries, that did not mean that the burden of proof shifted to the defendant. *Caley*, 29 Ill. App. 2d at 327. The court explained:

"Proximate cause was a part of plaintiff's case. It was as indispensable as the elements of defendant's negligence, plaintiff's freedom therefrom, and damage. Without it, plaintiff's action would have failed. But when he has borne the burden of proof and established the material elements necessary to make out a case, it is then the defendant's

right, but certainly not his duty—to put on his defense. *This is not shifting the burden of proof.* One cannot be said to have a burden if one may pick it up or not as he pleases. Obviously if there is evidence negative of causation, a defendant should show it, but the law in according him the privilege of going forward in no wise shifts to him the burden of proof as the law knows that phrase." (Emphasis added.) *Caley*, 29 Ill. App. 2d at 328-29.

The court then explained that, although other causes of the injury may be a relevant area of inquiry, "the evidence elicited on this cross-examination does not establish even remotely, a possible 'cause' or 'causes' of plaintiff's injuries." *Caley*, 29 Ill. App. 2d at 329-30. The court emphasized that whether evidence of the other accidents was admissible was nothing more than a question of relevancy:

"To elevate testimony that sometime before the rear-end accident in question plaintiff had been bumped, bending a trunk handle, and that after the accident and before the onset of a more serious lower-back complaint, his front head-light was struck, to the status of contributing or intervening causes, suitable for submission to triers of the fact, is to misread standard of relevancy required as preconditions of admissibility. That this requirement devolves on the defendant to the same extent as on plaintiff initially in presenting his case, which it does, does not shift the burden of proof, or indeed have anything to do with it. *It is a question of relevancy, pure and simple.*" (Emphasis added.) *Caley*, 29 Ill. App. 2d at 330.

We now reaffirm the analysis we adopted in *Caley*. Requiring a defendant to demonstrate a causal relationship between a prior and present injury in no way shifts the ultimate burden of proof. Instead, it simply requires a defendant demonstrate that the evidence he wishes to present is relevant to the question at issue, *viz.*, whether the defendant's negligence caused the plaintiff's injury.

## Relevancy

A review of the appellate court opinions reveals that

the same part of the body rule is nothing more than a bright-line relevancy standard. Essentially, the same part of the body rule provides that, if a plaintiff has previously suffered an injury to the same part of the body, then that previous injury is automatically relevant to the present injury simply because it affected the same part of the body. With this conclusion, we cannot agree.

Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; see *People v. Monroe*, 66 Ill. 2d 317, 322 (1977) (adopting Rule 401); see also *Marut v. Costello*, 34 Ill. 2d 125, 128 (1966) (holding that evidence is relevant if it "tends to prove a fact in controversy or renders a matter in issue more or less probable"). Relevancy is "tested in the light of logic, experience and accepted assumption as to human behavior." *Marut*, 34 Ill. 2d at 128. However, " '[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.' " *Monroe*, 66 Ill. 2d at 322, quoting Fed. R. Evid. 401, Advisory Committee's Note.

For evidence of a prior injury to be admissible at trial, that evidence must be relevant. The evidence of the prior injury must make the existence of a fact that is of consequence either more or less probable. In cases such as the one before this court, the defendant seeks to introduce evidence of the prior injury for one of three purposes: (1) to negate causation; (2) to negate or reduce damages; or (3) as impeachment.

With respect to causation, evidence of a previous injury is relevant only if it tends to negate causation or injuries. It is well settled that a defendant need not be the *only* cause to be held liable for an injury; rather, it is sufficient that the defendant is *a* cause. *Nelson v. Union*

*Wire Rope Corp.*, 31 Ill. 2d 69, 88 (1964). Moreover, a defendant is not relieved of liability simply because the only injury suffered by a plaintiff is an aggravation of a previous injury. *Balestri v. Terminal Freight Cooperative Ass'n*, 76 Ill. 2d 451, 455 (1979). Thus, for a prior injury to be relevant to causation, the injury must make it less likely that the defendant's actions caused any of the plaintiff's injuries or an identifiable portion thereof.

Even if the prior injury does not negate causation, it may still be relevant to the question of damages. For example, the prior injury may be relevant to establish that the plaintiff had a preexisting condition for which the defendant is not liable and that the defendant is liable only for the portion of the damages that aggravated or increased the plaintiff's injury.

Additionally, a prior injury may be relevant as impeachment. For example, a plaintiff may be examined with respect to his failure to disclose to his physician that he has previously suffered an injury to the same part of the body. Similarly, an expert may be examined about whether his opinion would change if the expert was aware of the plaintiff's prior injury. This does not mean, however, that every undisclosed prior injury to the same part of the body is grounds for impeachment. Just as with the substantive admission of evidence, trial courts should not permit inquiry into this area unless the prior injury is relevant to a fact in consequence, *i.e.*, whether the prior injury negates causation or negates or reduces the defendant's damages.

### Necessity of Expert Testimony

The question remains, however, whether expert testimony is necessary to determine whether the prior injury is relevant to the current injury. In a similar context, namely, medical malpractice cases, this court has recognized that expert testimony is normally necessary "because jurors are not skilled in the practice of

medicine and would find it difficult without the help of medical evidence to determine any lack of necessary scientific skill on the part of the physician." *Walski v. Tiesenga*, 72 Ill. 2d 249, 256 (1978). Nevertheless, expert testimony is not required in medical malpractice actions if "the physician's conduct is so grossly negligent or the treatment so common that a layman could readily appraise it." *Walski*, 72 Ill. 2d at 256.

We believe that similar considerations should govern here. Without question, the human body is complex. A prior foot injury could be causally related to a current back injury, yet a prior injury to the same part of the back may not affect a current back injury. In most cases, the connection between the parts of the body and past and current injuries is a subject that is beyond the ken of the average layperson. Because of this complexity, we do not believe that, in normal circumstances, a lay juror can effectively or accurately assess the relationship between a prior injury and a current injury without expert assistance. Consequently, we conclude that, if a defendant wishes to introduce evidence that the plaintiff has suffered a prior injury, whether to the "same part of the body" or not, the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence. This rule applies unless the trial court, in its discretion, determines that the natures of the prior and current injuries are such that a lay person can readily appraise the relationship, if any, between those injuries without expert assistance.

We now apply these principles to the action before us. To do so, we need not examine every piece of evidence introduced by defendant. Our review reveals that the trial court erred in allowing defendant to introduce evidence of plaintiff's prior "neck problems" and that this alone denied plaintiff a fair trial.

At trial, both plaintiff and Dr. See testified that the day after the accident plaintiff complained of pain in his back and his neck. During defendant's case in chief, defendant introduced medical records revealing that, when plaintiff was treated for carpal tunnel syndrome, he told his physical therapist that he had "neck problems" that were "secondary to playing hockey since he was 6." Defendant elicited this same information from plaintiff on cross-examination. During closing argument, defendant argued that the jury should find in favor of defendant in part because of plaintiff's previous complaints of neck pain.

Even a cursory review of this evidence reveals that it should have been excluded. This evidence does not come close to demonstrating what plaintiff's "neck problems" were, when he suffered them, or when he last suffered from symptoms. Nothing about the evidence presented by defendant has any tendency to make it less likely that defendant caused plaintiff's neck injury or that defendant caused plaintiff to suffer damages. Without expert testimony establishing both the nature of plaintiff's prior "neck problems" as well as the relationship between those prior problems and plaintiff's current claim, an average juror could not readily appraise the effect of the prior problems upon plaintiff's current claim. Consequently, this evidence should have been excluded.

Because the plaintiff's claim of an injury to his neck was a significant portion of his claim and because the defense introduced no other evidence countering plaintiff's claim of a neck injury, we conclude that this erroneous introduction of evidence prejudiced plaintiff. Because this conclusion requires a new trial, we need not address the question of whether the trial court erred in allowing the introduction of evidence of plaintiff's prior back injury or his treatment for carpal tunnel syndrome. Instead, we believe that the trial court on remand is in

the best position to address the admissibility of this evidence under the new standard enunciated here.

## CONCLUSION

Because the trial court erroneously allowed the admission of plaintiff's "neck problems," we affirm the judgment of the appellate court, which reversed the judgment of the trial court and remanded this cause for a new trial.

*Appellate court judgment affirmed.*

JUSTICE HEIPLE, dissenting:

In this lawsuit, plaintiff alleges that he suffered neck and back pain which resulted from a car accident with defendant. At trial, defendant introduced evidence that plaintiff had received treatment for neck and back pain prior to his current accident. The jury awarded plaintiff no damages. The majority holds that the trial court erred in admitting evidence of plaintiff's prior neck and back pain without foundation testimony first being laid to link the earlier injuries to those plaintiff allegedly suffered in the current accident.

By today's decision, the majority rejects the long-established rule that, without presenting expert medical foundation evidence, a defendant may introduce evidence of plaintiff's prior injury so long as that injury is to the same part of plaintiff's body. See *Bailey v. Wilson*, 299 Ill. App. 3d 297, 304 (1998); *Elliott v. Koch*, 200 Ill. App. 3d 1, 15-16 (1990); *Elberts v. Nussbaum Trucking, Inc.*, 97 Ill. App. 3d 381, 384 (1981); *Palsir v. McCorkle*, 70 Ill. App. 2d 425, 431 (1966). This is an evidentiary rule of reason and convenience. The plaintiff, of course, is free to present evidence to rebut any linkage to the earlier injuries.

The majority bases its decision on its fear that allowing evidence of a plaintiff's prior injuries without expert foundation testimony "invite[s] the jury to speculate on

the nexus between the prior and current injuries." 192 Ill. 2d at 54. The majority worries that retaining the same part of the body rule would permit defendants to introduce evidence of a plaintiff's prior injury " 'without any further showing of relevance or causation, even if the prior injury had completely healed and been symptom free for decades.' " 192 Ill. 2d at 54, quoting *Brown v. Baker*, 284 Ill. App. 3d 401, 404-05 (1996). These concerns are unfounded.

If a prior injury has "completely healed" and the plaintiff has "been symptom free for decades," the plaintiff has the opportunity of rebutting defendant's evidence with competent medical testimony, most likely plaintiff's own treating physician. Unlike the majority, I am confident that jurors are quite capable of understanding a plaintiff's argument that his prior injury has "long since healed" (see 192 Ill. 2d at 54) and is therefore distinguishable from the injury for which he presently seeks money damages. If, as the majority also worries, there are medical complexities regarding the relationship between the prior and current injuries, these questions are resolvable through the evidentiary and trial processes which are available to the plaintiff and his doctor. What is at issue here is an evidentiary question of weight, not admissibility. On that issue, the majority opinion misses the point. The trial court's admission of defendant's evidence comports with both common sense and the long-standing rule to that effect.

Accordingly, I respectfully dissent.

JUSTICE MILLER joins in this dissent.