STEPHEN CALIBAN, Plaintiff-Appellant, v. JAY PATEL, Defendant-Appellee.

Third District No. 3—00—0467

Opinion filed May 11, 2001.

252

Michelle E. Meklir (argued), Michael G. Mahoney (argued), and Philip H. Corboy, all of Corboy & Demetrio, P.C., of Chicago, for appellant.

Mark E. Hanson (argued), of Garrison, Fabrizio & Hanson Ltd., of Joliet, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff filed suit alleging that he was injured as a result of defendant's negligent operation of his automobile. The jury returned a verdict in plaintiff's favor and awarded damages of $25,856. Plaintiff's posttrial motion seeking a new trial was denied and this appeal followed. We reverse and remand.

## FACTS

On June 4, 1992, plaintiff was waiting to make a left turn in his 1977 pickup truck in Lockport, Illinois, when he was struck from behind by defendant's vehicle. After the accident, plaintiff drove his vehicle from the scene. Plaintiff did not seek medical treatment until four days later. As a result of the collision, plaintiff was treated for facet joint syndrome in the cervical and lumbar spine and for temporomandibular joint dysfunction. Plaintiff received treatment from a number of medical providers during the approximate eight-year period between the date of the accident and the time of trial. Further evidence will be related as necessary to resolve particular issues.

## ANALYSIS

### Evidence of Prior Accidents and Subsequent Injuries

Plaintiff asserts that the trial court erred in denying his motion *in limine* which sought to prevent the defendant from introducing evidence or argument regarding plaintiff's prior and subsequent injuries and medical conditions. Specifically, the court ruled that defendant could introduce evidence of motor vehicle accidents in 1989 and 1990 and falls by plaintiff in 1992 and 1993. The trial court relied on this court's decision in *O'Brien v. Thomas Steel Corp.*, 181 Ill. App. 3d 901, 538 N.E.2d 1162 (1989), which held that evidence of a prior injury is admissible without establishing a causal connection between that injury and the one at issue if the prior injury involved the same area of the body. This "same part of the body" rule was rejected by our supreme court in *Voykin v. Estate of DeBoer*, 192 Ill. 2d 49, 733 N.E.2d 1275 (2000). The *Voykin* court characterized the same part of the body rule as "nothing more than a bright-line relevancy standard" (*Voykin,*

192 Ill. 2d at 57, 733 N.E.2d at 1279) that improperly presumed that a previous injury was automatically relevant to the present injury simply because it affected the same part of the body. The court held that such evidence was admissible only if it was shown to be relevant, a requirement that would usually require expert testimony:

> "In most cases, the connection between the parts of the body and past and current injuries is a subject that is beyond the ken of the average layperson. Because of this complexity, we do not believe that, in normal circumstances, a lay juror can effectively or accurately assess the relationship between a prior injury and a current injury without expert assistance. Consequently, we conclude that, if a defendant wishes to introduce evidence that the plaintiff has suffered a prior injury, whether to the 'same part of the body' or not, the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence. This rule applies unless the trial court, in its discretion, determines that the natures of the prior and current injuries are such that a lay person can readily appraise the relationship, if any, between those injuries without expert assistance." *Voykin*, 192 Ill. 2d at 59, 733 N.E.2d at 1280.

## Waiver

■ Defendant argues that plaintiff has waived this issue because he failed to object to the evidence when it was offered at trial and because he introduced some of the evidence of which he now complains. We disagree. Although a failure to object will generally result in a waiver (see *Chubb/Home Insurance Cos. v. Outboard Marine Corp.*, 238 Ill. App. 3d 558, 606 N.E.2d 423 (1992)), here the parties specifically stipulated that plaintiff's objections to the evidence of other accidents and medical conditions were preserved without the need for contemporaneous objection. Under such circumstances, application of the waiver rule due to a failure to object or because plaintiff introduced the evidence as a matter of trial strategy would be inequitable. See *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 732 N.E.2d 528 (2000) (waiver rule is limitation on the parties, not on the jurisdiction of the court, which has responsibility for achieving a just result); see also *Brown v. Baker*, 284 Ill. App. 3d 401, 672 N.E.2d 69 (1996) (plaintiff did not waive objection to evidence of prior injury by introducing it himself).

## Retroactive v. Prospective Application

■ Defendant also asserts that *Voykin*, which was decided after trial was held in this cause, should only be applied prospectively. We disagree. A court's decision is generally presumed to apply both

retroactively and prospectively, unless the court expressly states that its decision will be applied prospectively only. *Tosado v. Miller*, 188 Ill. 2d 186, 720 N.E.2d 1075 (1999); *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 679 N.E.2d 1224 (1997). Absent such a statement, overcoming the presumption of retroactivity requires application of a three-part analysis: (1) whether the decision established a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether, given the purposes and history of the new rule, its operation will be retarded or promoted by prospective application; and (3) whether substantial inequitable results would be produced if the former decision is applied retroactively. *Tosado*, 188 Ill. 2d 186, 720 N.E.2d 1075; *Aleckson*, 176 Ill. 2d 82, 679 N.E.2d 1224.

■ *Voykin* arguably overruled "clear past precedent" in *this* district as established by *O'Brien*, although the other appellate districts were split over the admissibility of evidence based on the "same part of the body rule." Compare *O'Brien* and *Bailey v. Wilson*, 299 Ill. App. 3d 297, 700 N.E.2d 1113 (4th Dist. 1998) (adhering to rule), with *Lagestee v. Days Inn Management Co.*, 303 Ill. App. 3d 935, 709 N.E.2d 270 (1st Dist. 1999) (rejecting rule); *Cancio v. White*, 297 Ill. App. 3d 422, 697 N.E.2d 749 (1st Dist. 1998) (same); *Brown*, 284 Ill. App. 3d 401, 672 N.E.2d 69 (5th Dist.) (same). However, an examination of *Voykin* indicates that the court was essentially reaffirming its decision in *Caley v. Manicke*, 24 Ill. 2d 390, 182 N.E.2d 206 (1962), requiring a defendant to demonstrate a causal relationship between a prior and present injury. See *Voykin*, 192 Ill. 2d at 55-56, 733 N.E.2d at 1279. Therefore *Voykin* did not establish a new principle of law, and failure to meet this "threshold requirement" for prospective application mandates that *Voykin* be applied retroactively. See *Tosado*, 188 Ill. 2d at 197, 720 N.E.2d at 1081, citing *Aleckson*, 176 Ill. 2d at 88, 679 N.E.2d at 1226.

Even if we were to consider *Voykin* as establishing a new principle of law, application of the two remaining factors would dictate retroactive application. The purpose of the *Voykin* rule is to exclude irrelevant evidence. Retroactive application will further this purpose, while prospective application will not. Furthermore, because the "same part of the body rule" can result in the introduction of irrelevant evidence, failing to apply the *Voykin* rule retroactively may produce substantial inequitable results for plaintiff. Accordingly, we find that *Voykin* applies retroactively.

### Admissibility under *Voykin*

■ Defendant also maintains that even if *Voykin* is applied to this

case, the evidence of prior accidents and subsequent injuries was relevant and admissible. Defendant asserts that the deposition testimony of Dr. Frederick Will supported the admission of evidence of the February 23, 1993, slip and fall. We agree. Dr. Will testified that the 1993 fall exacerbated plaintiff's physical problems from the 1992 auto accident. Therefore, evidence of the 1993 fall was relevant to the issue of damages. Defendant also contends that the testimony of Dr. Steven Mash supported the admission of evidence of the 1989 auto accident. However, Dr. Mash testified that he saw the plaintiff two times after his 1989 accident and, although there were no objective findings to support an injury, plaintiff was diagnosed with chronic low back syndrome. After the second office visit on June 8, 1990, Mash did not see plaintiff again until August 13, 1992, approximately two months after the accident with the defendant. Mash did not know whether plaintiff had any symptoms associated with his earlier back condition between June 1990 and August 1992. Moreover, the symptoms reported by plaintiff in August 1992 were "distinctly different" from his prior symptoms. Such testimony contradicts defendant's claim of a causal connection between the 1989 and 1992 accidents and does not satisfy the *Voykin* relevance requirement. In addition, defendant offers no supporting expert testimony for admission of the 1990 accident or the 1992 fall. Accordingly, we must reverse and remand this cause for a new trial.

## CONCLUSION

Due to the admission of evidence of prior and subsequent injuries without sufficient expert testimony establishing relevance, this cause must be reversed and remanded for a new trial. Given this result, we need not address plaintiff's remaining claim concerning the inadequacy of the jury's award of damages. The judgment of the circuit court is reversed and this cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

BRESLIN and HOLDRIDGE, JJ., concur.