No.  3--00--0467

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2001

STEPHAN CALIBAN, )  Appeal from the Circuit Court

)  of the 12th Judicial Circuit,

Plaintiff-Appellant, )  Will County, Illinois,

)

v. )  No. 97--L--3781

)

JAY PATEL, )  Honorable

)  William G. McMenamin,

Defendant-Appellee. )  Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

Plaintiff filed suit alleging that he was injured as a result of defendant's negligent operation of his automobile.  The jury returned a verdict in plaintiff's favor and awarded damages of $25,856.  Plaintiff's post-trial motion seeking a new trial was denied and this appeal followed.  We reverse and remand.

FACTS

On June 4, 1992, plaintiff was waiting to make a left turn in his 1977 pickup truck in Lockport, Illinois, when he was struck from behind by defendant's vehicle.  After the accident, plaintiff drove his vehicle from the scene.  Plaintiff did not seek medical treatment until four days later. As a result of the collision, plaintiff was treated for facet joint syndrome in the cervical and lumbar spine and for temporomandibular joint  dysfunction.  Plaintiff received treatment from a number of medical providers during the approximate eight-year period between the date of the accident and the time of trial.  Further evidence will be related as necessary to resolve particular issues.

ANALYSIS

Evidence of Prior Accidents and Subsequent Injuries

Plaintiff asserts that the trial court erred in denying his motion 
in
 
limine
 which sought to prevent the defendant from introducing evidence or argument regarding plaintiff's prior and subsequent injuries and medical conditions.  Specifically, the court ruled that defendant could introduce evidence of motor vehicle accidents in 1989 and 1990 and falls by plaintiff in 1992 and 1993.  The trial court relied on this court's decision in 
O'Brien v. Thomas Steel Corp
., 181 Ill. App. 3d 901, 538 N.E.2d 1162 (1989), which held that evidence of a prior injury is admissible without establishing a causal connection between that injury and the one at issue if the prior injury involved the same area of the body.  This "same part of the body rule" was rejected by our supreme court in 
Voykin v. Estate of DeBoer
, 192 Ill. 2d 49, 733 N.E.2d 1275 (2000).  The 
Voykin
 court characterized the same part of the body rule as "nothing more than a bright-line relevancy standard" (
Voykin
, 192 Ill. 2d at 57, 733 N.E.2d at 1279) that improperly presumed that a previous injury was automatically relevant to the present injury simply because it affected the same part of the body.  The court held that such evidence was admissible only if it was shown to be relevant, a requirement that would usually require expert testimony:

"In most cases, the connection between the parts of the body and past and current injuries is a subject that is beyond the ken of the average layperson.  Because of this complexity, we do not believe that, in normal circumstances, a lay juror can effectively or accurately assess the relationship between a prior injury and a current injury without expert assistance.  Consequently, we conclude that, if a defendant wishes to introduce evidence that the plaintiff has suffered a prior injury, whether to the 'same part of the body' or not, the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence.  This rule applies unless the trial court, in its discretion, determines that the natures of the prior and current injuries are such that a lay person can readily appraise the relationship, if any, between those injuries without expert assistant."  
Voykin
, 192 Ill. 2d at 59, 733 N.E.2d at 1280.

Waiver

Defendant argues that plaintiff has waived this issue because he failed to object to the evidence when it was offered at trial and because he introduced some of the evidence of which he now complains.  We disagree.  Although a failure to object will generally result in a waiver (see 
Chubb/Home Insurance Cos. v. Outboard Marine Corp
., 238 Ill. App. 3d 558, 606 N.E.2d 423 (1992)), here the parties specifically stipulated that plaintiff's objections to the evidence of other accidents and medical conditions were preserved without the need for contemporaneous objection.  Under such circumstances, application of the waiver rule due to a failure to object or because plaintiff introduced the evidence as a matter of trial strategy would be inequitable.  See 
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 732 N.E.2d 528 (2000) (waiver rule is limitation on the parties, not on the jurisdiction of the court, which has responsibility for achieving a just result); see also 
Brown v. Baker
, 284 Ill. App. 3d 401, 672 N.E.2d 69 (1996) (plaintiff did not waive objection to evidence of prior injury by introducing it himself).

Retroactive v. Prospective Application

Defendant also asserts that 
Voykin
, which was decided after trial was held in this cause, should only be applied prospectively.  We disagree.  A court's decision is generally presumed to apply both retroactively and prospectively, unless the court expressly states that its decision will be applied prospectively only.  
Tosado v. Miller
, 188 Ill. 2d 186, 720 N.E.2d 1075 (1999); 
Aleckson v. Village of Round Lake Park
, 176 Ill. 2d 82, 679 N.E.2d 1224 (1997).  Absent such a statement, overcoming the presumption of retroactivity requires application of a three part analysis: (1) whether the decision established a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether, given the purposes and history of the new rule, its operation will be retarded or promoted by prospective application; and (3) whether substantial inequitable results would be produced if the former decision is applied retroactively.  
Tosado
, 188 Ill. 2d 186, 720 N.E.2d 1075; 
Aleckson
, 176 Ill. 2d 82, 679 N.E.2d 1224.

Voykin
 arguably overruled "clear past precedent" in 
this
 district as established by 
O'Brien
, although the other appellate districts were split over the admissibility of evidence based on the same part of the body rule.  Compare 
O'Brien
 and 
Bailey v. Wilson
, 299 Ill. App. 3d 297, 700 N.E.2d 1113 (4th Dist. 1998) (adhering to rule) with 
Lagestee v. Days Inn Management Co
., 303 Ill. App. 3d 935, 709 N.E.2d 270 (1st Dist. 1999) (rejecting rule); 
Cancio v. White
, 297 Ill. App. 3d 422, 697 N.E.2d 749 (1st Dist. 1998) (same); 
Brown
, 284 Ill. App. 3d 401, 672 N.E.2d 69 (5th Dist.) (same).  However, an examination of 
Voykin
 indicates that the court was essentially reaffirming its decision in 
Caley v. Manicke
, 24 Ill. 2d 390, 182 N.E.2d 206 (1962), requiring a defendant to demonstrate a causal relationship between a prior and present injury.  See 
Voykin
, 192 Ill. 2d at 55-56, 733 N.E.2d at 1279.  Therefore 
Voykin
 did not establish a new principle of law, and failure to meet this "threshold requirement" for prospective application mandates that 
Voykin
 be applied retroactively.  See 
Tosado
, 188 Ill. 2d at 197, 720 N.E.2d at 1081, citing 
Aleckson
, 176 Ill. 2d at 88, 679 N.E.2d at 1226.

Even if we were to consider 
Voykin
 as establishing a new principle of law, application of the two remaining factors would dictate retroactive application.  The purpose of the 
Voykin
 rule is to exclude irrelevant evident.  Retroactive application will further this purpose, while prospective application will not.  Furthermore, because the same part of the body rule can result in the introduction of irrelevant evidence, failing to apply the 
Voykin
 rule retroactively may produce substantial inequitable results for plaintiff.  Accordingly, we find that 
Voykin
 applies retroactively.

Admissibility under 
Voykin

Defendant also maintains that even if 
Voykin
 is applied to this case, the evidence of prior accidents and subsequent injuries was relevant and admissible.  Defendant asserts that the deposition testimony of Dr. Frederick Will supported the admission of evidence of the February 23, 1993, slip and fall.  We agree.  Dr. Will testified that the 1993 fall exacerbated plaintiff's physical problems from the 1992 auto accident.  Therefore evidence of the 1993 fall was relevant to the issue of damages.  Plaintiff also contends that the testimony of Dr. Steven Mash supported the admission of evidence of the 1989 auto accident.  However, Dr. Mash testified that he saw the plaintiff two times after his 1989 accident and, although there were no objective findings to support an injury, plaintiff was diagnosed with chronic low back syndrome.  After the second office visit on June 8 of 1990, Mash did not see plaintiff again until August 13, 1992, approximately two months after the accident with the defendant.  Mash did not know whether plaintiff had any symptoms associated with his earlier back condition between June of 1990 and August of 1992.  Moreover, the symptoms reported by plaintiff in August of 1992 were "distinctly different" from his prior symptoms.  Such testimony contradicts defendant's claim of a causal connection between the 1989 and 1992 accidents, and does not satisfy the 
Voykin
 relevance requirement.  In addition, defendant offers no supporting expert testimony for admission of the 1990 accident or the 1992 fall.  Accordingly, we must reverse and remand this cause for a new trial.

[The following material is nonpublishable under Supreme Court Rule 23]:

Reference to a Psychological Evaluation

We will also briefly consider several other issues raised by plaintiff because they may again arise on remand.  Plaintiff argues that any evidence or argument that plaintiff suffered from a psychological condition or is in need of psychological treatment should have been barred.  We disagree.  Dr. Will, plaintiff's chiropractor, testified that after four months of treatment plaintiff had not responded satisfactorily.  He felt that there could have been a psychological component to plaintiff's pain, so he recommended a psychological evaluation.  Although it is true that Dr. Will did not form an opinion to a reasonable degree of medical certainty that there was a psychological component to plaintiff's injuries, he did feel it was "worth investigating."  Relevant evidence is that which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence.  
Voykin
, 192 Ill. 2d 49, 733 N.E.2d 1275.  The fact that plaintiff's treating chiropractor recommended a psychological evaluation, while not highly probative, was at least minimally relevant to the issues of causation and damages.  We find no abuse of discretion by the trial court in refusing to exclude it.

Reference to Addiction

We also find no error with regard to the admission of evidence or argument concerning the terms "addiction" or "dependency".  Dr. Mary Jo Curran, an anesthesiologist who treated plaintiff for pain, was asked by defense counsel during her deposition whether the medication plaintiff was taking was addictive.  Dr. Curran testified that "true addiction" occurs less than one percent of the time, but everyone using narcotics becomes "tolerant."  Dr. Curran also stated that she does not use the word "dependent" as it "goes more or less with addiction."  In addition, Dr. Curran testified on direct examination that if plaintiff's morphine pump became empty he could suffer severe withdrawal problems.  During closing argument, defense counsel argued:

"Use of narcotics.  [Dr. Curran] wanted to argue with me about the difference between dependence, addiction, both of which use [sic] words she doesn't use in her practice, rarely, and the word tolerance.  She says Stephan Caliban is tolerant to narcotic pain medication.  She also told you that if he discontinued use of the narcotics or that if anyone, not only Mr. Caliban, but that if anyone who's been on narcotics as long as Mr. Caliban has discontinues use of those narcotics, they would go through severe symptoms of withdrawal.  I'd argue to you if that's not addiction or dependence, I don't know what it is."

In arguing a case to the jury, an attorney is allowed broad latitude in drawing reasonable inferences and conclusions from the evidence.  
Elliott v. Koch
, 200 Ill. App. 3d 1, 558 N.E.2d 493 (1990).  We find no error.

Hypothetical Question

Plaintiff claims that the trial court erred in failing to strike a hypothetical question asked by defense counsel during the evidence deposition of Dr. Curran.  Dr. Curran was told to assume that plaintiff had received almost two years of chiropractic and orthopedic treatment after the April, 1989, accident and that he had missed work for six months.  Plaintiff maintains that the evidence does not support the assumed facts of two years' treatment or six months' missed employment.  Our review of the record indicates that plaintiff received treatment from a Dr. Ruiz soon after the accident, then was treated by Dr. Mash and later by Dr. Will.  Plaintiff's last treatment with Dr. Will appears to have been in September of 1990, although there is some reference to bills for treatment as late as March of 1991.  The amount of time absent from work is also unclear.  Assumptions in a hypothetical question are proper as long as they are supported by direct or circumstantial evidence or are reasonable inferences from established facts.  
Smith v. Perlmutter
, 145 Ill. App. 3d 783, 496 N.E.2d 358 (1986).  Given the uncertain state of the record in this case, we express no opinion on the admissibility of this particular question on remand.

Leading Questions

Finally, plaintiff contends that the trial court erred in failing to strike various questions asked by defense counsel during Dr. Will's deposition because they were leading.  We have reviewed the questions cited in plaintiff's brief as examples of improper questions, as well as the complete deposition testimony of Dr. Will.  Permitting or excluding leading questions is a matter resting in the sound discretion of the trial court.  
Waukegan Park District v. First National Bank
, 22 Ill. 2d 238, 174 N.E.2d 824 (1961).  We find no abuse of discretion.

[The preceding material is nonpublishable under Supreme Court Rule 23].

CONCLUSION

Due to the admission of evidence of prior and subsequent injuries without sufficient expert testimony establishing relevance, this cause must be reversed and remanded for a new trial.  Given this result, we need not address plaintiff's remaining claim concerning the inadequacy of the jury's award of damages.  The judgment of the circuit court is reversed and this cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

BRESLIN and HOLDRIDGE, J.J., concur.